(No. 19483.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ANTHONY GALLINA, Plaintiff in Error.

*Opinion filed June 19, 1929.*

JOSEPH P. POWER, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and G. E. NELSON, (EDWARD E. WILSON, and JOHN HOLMAN, of counsel,) for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiff in error, Anthony Gallina, was in the criminal court of Cook county indicted, tried, convicted and sentenced to the penitentiary for the crime of robbery with a gun, and the cause is now before this court for review upon writ of error.

On June 3, 1928, three men in an automobile drove up to a gasoline filling station at 2350 West Washington boulevard, in Chicago. Two of the men got out of the car, one of whom had a gun in his hand. They ordered the attendant to open the safe, and, he having done so, they took $160 therefrom. On July 23, 1928, the attendant saw plaintiff in error at the East Chicago avenue police station and at that time stated to the police officers that he "thought he was the man." On the trial the attendant testified that plaintiff in error was one of the men who committed the robbery. Plaintiff in error testified, denying all connection with the robbery.

Frank M. Bauler, a police officer, testified, over the objection of plaintiff in error, that on July 20, 1928, at 11:45 P. M., he was on Walton place and noticed a touring car coming from the west without lights and that a man in the front seat got out and knocked the combination lock off the door of another car; that witness then approached the touring car and "hollered" halt; that the car went on east; that he then fired a shot and continued to chase the car; that it

struck a taxicab about one-half block away; that the driver of the touring car got out; that witness fired another shot; that he then ran up to the car and noticed a man in the front seat; that plaintiff in error was in the rear seat, asleep; that he then called the East Chicago avenue station and the patrol wagon came and took the two men to the station; that he shot two of the men in the car. The attorney for plaintiff in error objected to all of this testimony as being incompetent and prejudicial, and now contends that the judgment of conviction should be reversed by reason of its admission.

The general rule is, that evidence of a distinct, substantive offense cannot be admitted upon the trial of a defendant for another offense. To this rule there are several well known exceptions, one of which is, that whatever testimony tends directly to show the defendant guilty of the crime charged is competent although it also tends to show him guilty of another and distinct offense. (*People* v. *Jennings,* 252 Ill. 534.) Any fact which by itself, or taken in connection with other evidence in the case, tends to prove guilt is admissible. (*People* v. *Cramer,* 298 Ill. 509.) The test of admissibility is the connection of the facts proved with the offense charged. *People* v. *Jennings, supra; People* v. *Buckner,* 281 Ill. 340.

It is contended by defendant in error that it is always competent to show the facts attending the arrest of a defendant even though such facts include proof of a distinct, substantive crime, and our attention is called to a number of cases in which it was held that it was not error to allow proof of the circumstances attending the arrest. An examination of these cases reveals the fact that in all of them except one there was some fact or circumstance connected with the arrest which logically tended to connect the defendant with the offense for which he was being tried. In the one case in which no such connection was shown it was

said that there was no special materiality in the evidence, and it was such that the defendant could not possibly have been prejudiced by it. In the instant case there is no claim of any possible connection between the circumstances attending the arrest and the crime for which plaintiff in error was being tried. It is not claimed that plaintiff in error was armed at the time of the arrest or that he had any connection with knocking the combination lock off the door of the car or with any attempt to steal the car. The testimony of the officer is that plaintiff in error was asleep in the rear seat of the car in which he was riding at the time. While it is proper to prove the facts and circumstances attendant upon the arrest of a defendant for the crime for which he is being tried where such facts and circumstances logically tend in any degree to connect him with the perpetration of the crime, yet in the instant case the evidence of the police officer had no such tendency. The attendant at the filling station was the only witness who gave any evidence in any way tending to connect plaintiff in error with the robbery. Plaintiff in error testified just as positively that he had no connection therewith. There are no facts or circumstances in evidence tending to corroborate either one of them. The case was therefore a close one upon the facts, and it might well be that the testimony of the police officer as to the circumstances attendant upon plaintiff in error's arrest caused the jury to find him guilty. The evidence was incompetent, and under the circumstances of this case must be held to be prejudicial and reversible.

The judgment of the criminal court of Cook county is reversed and the cause remanded.

*Reversed and remanded.*