(No. 24825.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GUS NOVOTNY, Plaintiff in Error.

*Opinion filed February 15, 1939—Rehearing denied April 5, 1939.*

Gunn, Orr, and Farthing, JJ., specially concurring.

Harold Levy, and Joseph Jacobs, (Wm. Scott Stewart, of counsel,) for plaintiff in error.

Otto Kerner, Attorney General, Thomas J. Courtney, State's Attorney, and A. B. Dennis, (Edward E. Wilson, John T. Gallagher, Melvin S. Rembe, Blair L. Varnes, and William B. Crawford, of counsel,) for the People.

Mr. Justice Wilson delivered the opinion of the court:

Gus Novotny was convicted of malicious mischief in the criminal court of Cook county The jury found the value

of the damaged property to be more than fifteen dollars and as a result of the finding Novotny was sentenced to the penitentiary. (Ill. Rev. Stat. 1937, chap. 38, par. 425, p. 1155.) He prosecutes this writ of error.

The indictment is in two counts and charges Novotny with injuring and defacing a building and some of its contents located at 5466 Lake Park avenue in Chicago on September 8, 1937. Testimony was introduced that Novotny, an assistant business agent for the Upholsterers Union of Chicago, had hired men to break a plate glass window and throw stink bombs into the premises mentioned in the indictment. There was also testimony that Novotny previously had hired the same men to damage other buildings in Chicago and that his orders were carried out. There was evidence tending to show that the acts mentioned were committed to force upholsterers to join a labor union. Novotny denied guilt of the charge and offered evidence of his good reputation.

It is contended that the indictment contains the names of two persons endorsed thereon as prosecutors and that they are not the owners of the property damaged. The statute requires the endorsement of the name of the prosecutor, or, in some instances, the names of two grand jurors, but it does not require that the persons whose names are endorsed shall own the property damaged. (Ill. Rev. Stat. 1937, chap. 38, par. 717, p. 1195.) The building damaged was owned by Louis Rezek. Ruben Shapiro had an interest in and conducted the business in the building which was operated as the Relax Upholstery Shop. Some of the property damaged was in the custody of the upholstery shop. The names endorsed on the indictment as prosecutors were James L. Preisler and Ruben Shapiro. Preisler, Shapiro and four other persons were named as witnesses on the indictment as the persons who appeared before the grand jury. Preisler did not testify on the trial but Shapiro testified. Since Shapiro knew the facts upon which the indict-

ment was based, had an interest in property damaged, which was in the shop for repair, and was willing to be named as prosecutor, the owner's title was immaterial. (2 Wharton's Crim. Law, (12th ed. Ruppenthal,) sec. 1330.) The defendant did not move to quash the indictment. That would be unnecessary if the indictment were void (*People* v. *Green,* 368 Ill. 242; *Klawanski* v. *People,* 218 id. 481;) but an objection to a mere irregularity in an indictment must be made in apt time. (*People* v. *Hammond,* 357 Ill. 182.) There was no variance or error because of the endorsements on the indictment requiring a reversal of the judgment.

It is contended that evidence relating to other offenses was improperly admitted, and even if admissible the details thereof should not have been stated. The evidence related to acts resulting in damage to other buildings by the same persons who admitted damaging the building here in question, all at the instance and direction of Novotny previous to the commission of the offense in question. The general rule is that evidence of offenses other than the one charged in an indictment is inadmissible. When, however, the crime charged has been committed in pursuance of a conspiracy, even though the indictment does not charge conspiracy, it is competent to show that the crime committed was the result of a conspiracy and every act of the conspirators is admissible, even though the commission of other crimes is disclosed. Proof of such other crimes may tend to prove intent, motive or a common design. (*People* v. *Rooney,* 355 Ill. 613; *People* v. *Billburg,* 314 id. 182; *People* v. *Hedge,* 284 id. 513; *People* v. *Halpin,* 276 id. 363.) The case of *People* v. *Heffernan,* 312 Ill. 66, relied on by counsel for the defendant as an authority in support of their statement that proof of other crimes is inadmissible, is distinguishable from the present case. In the *Heffernan case* there was evidence of distinct acts to commit burglary but no evidence of a conspiracy to commit murder, and no question of intent or motive was involved. Where a de-

liberate criminal act is proved, the People are not required to prove a motive for it, but the presence of a motive for the accused to commit the act charged is important in considering the question whether he did commit it, and it is always proper for the People to prove motive where it can be done. (*People* v. *Looney*, 324 Ill. 375.) Where a crime is committed as the result of a conspiracy some latitude is permitted in the proof to show the relations of the parties and the object and purpose of the conspiracy. (*People* v. *Shader*, 326 Ill. 145.) The case of *People* v. *Deal*, 357 Ill. 634, is cited as an authority for the statement that facts relating to other offenses disclosed in connection with the crime charged, should not be presented in detail. The proof here was sufficient to show that the offenses committed were a part of à general plan but there was no unnecessary addition of details.

Two of the witnesses testifying for the People were accomplices, and had been indicted with Novotny. It is contended that the evidence of one accomplice is insufficient for the corroboration of another accomplice. The testimony of each of the accomplices related to their respective parts and acts in the commission of the offense charged. The testimony in each instance, though corroborative, constituted independent evidence upon the subject matter of the offense charged. An instruction defined accomplices, and the jury was instructed that the testimony of an accomplice is liable to grave suspicion and should be acted upon with great care and caution and be subject to careful examination in the light of all the other evidence in the case, and that the jury should consider the influence under which the evidence was given and whether the purpose of the witness was to shield himself from punishment and obtain some benefit for himself. In the light of the cautionary instructions the jury would not be misled by or give undue weight to the testimony, and it was admissible.

It is finally contended that it was error to receive two verdicts and enter two judgments. Where there are two counts in an indictment growing out of the same transaction the effect of two verdicts is the same as a finding that the defendant is guilty as charged in the indictment. Whether there is one general verdict or two separate verdicts is of no consequence. (*People* v. *Fitzgerald*, 297 Ill. 264.) While there was judgment on the verdict on each count of the indictment the sentence was from one to ten years and not imposed to run consecutively. On the motions made on behalf of the defendant the judgment has been treated as, and in fact is, a single judgment. The defendant was not prejudiced by the judgment, as he was sentenced for an offense of which he was found guilty. *People* v. *Stowers*, 254 Ill. 588.

There is no error in the record sufficient to justify a reversal of the judgment and it is affirmed.

*Judgment affirmed.*

GUNN, ORR, and FARTHING, JJ., specially concurring:

We concur in the affirmance of the judgment in this case but not in the reasoning sustaining it. The crime charged is malicious mischief. The elements constituting this crime are wilfully destroying property with malicious intent and without the consent of the owner. Since all these elements are a part of the crime and charged in the indictment, proof of the other offenses is proper to negative accident or lack of criminal intent. Such evidence is also competent to show a system or plan. Such evidence is not admissible merely because two or more have engaged in a conspiracy to commit a crime, and for this reason alone justify proof of other similar offenses. The correct rule is to show the design of the accused, whether acting alone or with others, and the element making such other acts admissible in evidence must not merely be similarity in re-

sult, but such a concurrence of common features that the various acts are necessarily to be explained as caused by a general plan of which they are individual manifestations of a wilful act. When this situation occurs, the evidence is proper if the defendant, alone, commits the crime. The fact that there is a conspiracy with others is not the basis of its admission, but it is admitted because of its tendency to prove the guilt of the particular charge as being a part of a pre-existing design or scheme. This distinction is pointed out in Wigmore's Principles of Judicial Proof, pages 223-227, and in 73 A. L. R. 385. Common design was the ground of admission in *People* v. *Rooney,* 355 Ill. 613, and *People* v. *Heffernan,* 312 id. 66, holds squarely that unrelated crimes are not proper to be received in evidence. In the case before the court, the evidence was admissible as herein pointed out but not, in our opinion, for the reasons reached in the opinion of the majority.