(No. 25602.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH SUDDETH, Plaintiff in Error.

*Opinion filed June 14, 1940.*

CHARLES A. BELLOWS,. (J. W. BELLOWS, of counsel,) for plaintiff in error.

JOHN E'. CASSIDY, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and BLAIR L. VARNES, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

The January, 1938, grand jury of Cook county returned an indictment against plaintiff in error, together with Jeffery Gilleas and Russell Grant, charging them with the murder of one William Hendele. They were tried

without a jury and found guilty of murder. Plaintiff in error was sentenced to a term of fourteen years in the penitentiary where he has been and is now confined. He sued out this writ of error seeking a reversal of the judgment as to him.

The only error relied upon for reversal is that the evidence does not prove him guilty of the crime of murder beyond a reasonable doubt. There is no dispute as to the material facts and the sole assignment of error urged is that, as plaintiff in error was not present at the scene of the robbery and subsequent death of Hendele at the hands of his two co-defendants, he was not proved to be an accessory before the fact, and so was not shown to be a principal in the crime.

The undisputed facts are that William Hendele worked at the Standard Oil station at Sixty-first and Wentworth avenue in Chicago. On November 20, 1937, about 5:30 o'clock, Jeffery Gilleas and Russell Grant drove an automobile to a point opposite 6069 South LaSalle street. Gilleas remained in the car while Grant left the car, went to the gasoline station, robbed Hendele and ran down an alley. Hendele followed and Grant, fearing Hendele would identify him or get the license number of the automobile, stepped behind a telephone pole, and as Hendele passed, shot him in the head, from which he died. Grant then ran out of the alley, jumped on the running-board of the automobile and he and Gilleas drove away. They went to the home of plaintiff in error and entered the bathroom where Grant gave $10 to plaintiff in error and a like sum to Gilleas.

Written confessions were made by each of the three defendants. Each signed them. These confessions were introduced in evidence and stated that plaintiff in error, his brother Wiley Suddeth, Grant and Gilleas had been riding in the automobile. They let Wiley Suddeth out at a barber shop on Fifty-fifth street near Wentworth avenue. From there the three drove to Schultz' bakery where Grant had

had an accident the previous week, to talk about damages to Grant's car. On the way over they planned to hold up the gasoline station at Sixty-first street and Wentworth avenue. On the way back from the bakery they stopped at the barber shop, where they had formerly stopped, as plaintiff in error wanted to get a hair cut. There were several ahead of him which necessitated a delay before he could get into the chair. Grant and Gilleas told plaintiff in error that they would go ahead and commit the robbery, would split the proceeds three ways and, as the clock in the barber shop was from ten to fifteen minutes fast, plaintiff in error was to form an alibi for Grant and Gilleas in case anything happened. Plaintiff in error contends that this does not show that he was an accessory before the fact to the murder.

The People contend that plaintiff in error, having entered into an agreement to commit a robbery and having encouraged its commission, agreed to furnish an alibi to those who actually committed the robbery, prior to the commission of the offense, and received part of the proceeds of the robbery, was an accessory before the fact to the murder and liable not only for the robbery but for the consequences naturally flowing therefrom.

Section 2 of division 2 of the Criminal Code (Ill. Rev. Stat. 1939, chap. 38, par. 582, p. 1191), defines an accessory before the fact as one who stands by and aids, abets or assists, or who not being present, aiding, abetting or assisting, has advised, encouraged, aided or abetted the perpetration of a crime. This section also provides that he who thus aids, abets, assists, advises or encourages, shall be considered as principal, and punished accordingly. To be guilty as a principal under this statute one must be present and participate in such a way that it may be said he either aided, abetted or assisted in the commission of the crime, (*People* v. *Richie,* 317 Ill. 551; *People* v. *Marx,* 291 id. 40;) or, not being present, has advised, encouraged, aided

or abetted the perpetration of the crime. *People* v. *Dalton,* 355 Ill. 312.

When plaintiff in error, Grant and Gilleas entered into the agreement to commit a robbery of the gasoline station at Sixty-first street and Wentworth avenue they entered into a conspiracy to do an unlawful act,—to commit a crime. They contemplated that violence to the attendant at that station might be necessary to enable them to carry out their conspiracy and common purpose. In such case the law makes all liable for the acts of one done in further-ance of the common object. (*People* v. *Gukouski,* 250 Ill. 231.) Where, under such circumstances, death results from the prosecution of the common object, all are equally guilty of the homicide. The act of one in the furtherance of the original design is, in consideration of law, the act of all. (*People* v. *Gukouski, supra; Brennan* v. *People,* 15 Ill. 511.) Where the unlawful act agreed to be done is dan-gerous or homicidal in its character, or if its accomplish-ment will necessarily or probably require the use of force and violence, which may result in unlawfully taking the life of another, every party to such agreement will be held criminally liable for whatever any of his co-conspirators may do in furtherance of the common design, whether or not he is present. *People* v. *Gukouski, supra; Lamb* v. *People,* 96 Ill. 73; 1 Wharton on Crim. Law, sec. 220; 1 McClain on Crim. Law, sec. 196.

In the instant case, while plaintiff in error was not pres-ent and participating in the commission of the robbery and murder, he participated in the plan to commit it and agreed to rejoin his co-defendants, and immediately prior to their departure to commit the robbery agreed with them that if anything happened he would endeavor to establish an alibi for them. He admits that he participated in the division of the proceeds of the robbery.

We are of the opinion that the evidence clearly shows plaintiff in error was a party to the plot to rob the gasoline

station which his co-conspirators succeeded in robbing. He is thus shown guilty as principal.

Plaintiff in error relies on *People* v. *Barnes*, 311 Ill. 559, *Watts* v. *People,* 204 id. 233, *Crosby* v. *People,* 189 id. 298, and *White* v. *People,* 139 id. 143. These cases are not analogous on the facts with the case before us, as the defendants there involved were not shown to have aided and advised in the plot to commit the crime charged.

The record before us shows, without contradiction, that plaintiff in error not only agreed to join in the commission of the crime but actually encouraged and advised with his co-conspirators in the plans so to do, and by agreeing to, in case anything happened, furnish an alibi for them.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*