(No. 27850.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE PIERCE, Plaintiff in Error.

*Opinion filed Sept. 19, 1944—Rehearing denied Nov. 16, 1944.*

ELLIS & WESTBROOKS, RICHARD E. WESTBROOKS, CLAUDE W. B. HOLMAN, RICHARD K. COOPER, E. ANTHONY ELDRIDGE, and WILLIAM C. MARTIN, all of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

George Pierce, plaintiff in error, was, with Edward Robinson, Benny Albert Scott, and Louis Offield, jointly indicted at the August term, 1942, of the criminal court of Cook county, for the murder of Joseph Claudy, which occurred July 27, 1942. By two other indictments, returned at the same term, they were charged with two separate robberies, also committed on July 27, 1942. All defendants pleaded guilty to the two robbery charges. Robinson pleaded guilty to the murder indictment. The other defendants pleaded not guilty and waived their right to a jury trial. No witnesses were produced by the People.

They relied entirely upon a stipulation entered into by the defendants and their respective counsel as to what the evidence for the prosecution would be and what the People's witnesses would testify if present and sworn. No evidence was introduced by the defendants except evidence in mitigation, consisting of the testimony of the four defendants and of Robinson's mother. The evidence in all the cases was heard by the same judge, at the same time. At the conclusion, Pierce, Scott and Offield were found guilty of murder and sentence was pronounced against all defendants. On the murder charge Robinson was sentenced to the penitentiary for a term of one hundred and ninety-nine years; Pierce for the term of his natural life; and Scott and Offield each for a term of twenty years. The four defendants were each sentenced on each of the robbery charges for a term of years not less than one nor more than life. All sentences were to run concurrently. Pierce has sued out this separate writ of error for a review of the judgment finding him guilty of murder and fixing his imprisonment in the penitentiary for the term of his natural life.

The undisputed facts are that about 11:30 on the morning of July 27, 1942, the four defendants met at the home of George Pierce and immediately left in an automobile owned and driven by Pierce. They had with them in the car a loaded revolver, also belonging to Pierce. After driving for a short time over various streets in the city of Chicago, they saw a Howard Cake Company truck parked in front of a store, where the driver was making a delivery; and it was agreed among the four that Robinson was to "stick-up" this truck. Robinson left the car, taking with him the gun, which plaintiff in error handed him. He compelled the driver of the truck, Joseph Claudy, at the point of the gun, to proceed as he directed. The car, with Pierce driving, followed the truck until it turned into an alley. The car continued past the alley and stopped a half or three-quarters of a block away. During the robbery

Claudy was shot and killed by Robinson, either accidentally or in order to escape from the deceased. Robinson then ran back to the street, got in the car, and returned the gun to Pierce. They drove to another part of the city where they divided the proceeds of the robbery among them. Pierce, Scott and Offield were arrested August 3, 1942, while riding in Pierce's car, in a panel compartment of which was the revolver with which Claudy was shot and killed. Robinson was arrested on the morning of August 5, 1942, and in the afternoon of that day he and his codefendants, Pierce, Scott and Offield, were brought to the State's Attorney's office, where their joint statement was taken, which was transcribed by a court reporter and, by stipulation, read to the court at the hearing.

It is contended by plaintiff in error that the court did not properly explain to him the nature and consequences of his waiver of a jury trial and the nature and consequences of his stipulation as to the evidence; that he was not warned that by said waiver and stipulation he was deprived of his right to have his punishment fixed by a jury and his right to cross-examine and meet his accusing witnesses face to face; and that his subsequent conviction, under such circumstances, was a denial to him of the due process of law guaranteed by the constitution.

These contentions cannot be sustained. Plaintiff in error was represented in the criminal court by counsel of his own choosing. The record discloses that after a continuance to permit him to decide whether he wanted a jury trial, both Pierce and his attorney advised the court they desired to waive a jury. There is no foundation for any claim that his waiver of a jury was not understandingly made.

In the case of *People* v. *Malin,* 372 Ill. 422, this court held the entire evidence in a criminal case may be established by stipulation without warning being given defendant of his constitutional right to meet the witnesses face

to face. The case of *People* v. *Hoffman,* 379 Ill. 318, cited by plaintiff in error as authority for his contention to the contrary, is easily distinguished from the case before us. In the *Hoffman case* the defendant was not tried on evidence, heard or stipulated. There the proceedings could hardly be designated as a trial, and consisted entirely of an informal conversation, in the presence of the court, between an assistant State's Attorney and a police officer. In the instant case the trial was conducted in an orderly manner and in conformity with recognized rules of law and procedure. The law is well established in this State that an accused may, by stipulation, waive the necessity of proof of all or any part of the case which the State has alleged against him and that he cannot complain in this court of evidence which he has stipulated into the record. *People* v. *Malin,* 372 Ill. 422; *People* v. *Claussen,* 367 Ill. 430; *People* v. *Schultz-Knighten,* 277 Ill. 238.

Plaintiff in error also contends that much of the stipulated evidence was incompetent and prejudicial and should have been excluded by the court on its own motion. He claims the evidence of John Miles, a witness who was standing in a nearby doorway at the time of the shooting and saw the deceased fall to the ground and Robinson run from the scene with a gun in his hand, was incompetent because not in the presence of Pierce, who was parked a half block away; and that the evidence of the arrest of Pierce, Scott and Offield, while carrying a concealed weapon was incompetent because it was proof of a separate and independent crime. He also points out as prejudicial and incompetent the proof of three checks being taken from Scott after his arrest without identifying them as checks obtained in the robbery of the deceased, and the taking of a joint statement from the four defendants in which Robinson told how he killed the deceased when the others were a half block away. He also claims he was prejudiced by the agreement of court and counsel that the transcript of

a re-enactment of the crime was unnecessary to be read in evidence, claiming that the re-enactment would have shown Pierce so far away in his car that a very grave question would have arisen as to whether or not he was closely enough connected with the transaction to be charged as a principal. It is further argued that the statement of Pierce was not a confession of guilt and should not have been so considered. There is no merit in any of these contentions.

The law has long been well settled that if several conspire or agree to commit a robbery or other criminal act and, during its commission, a killing occurs, all are equally guilty of murder. (*Brennan* v. *People,* 15 Ill. 511; *People* v. *Gukouski,* 250 Ill. 231; *People* v. *Wood,* 306 Ill. 224; *People* v. *Payne,* 359 Ill. 246; *People* v. *Suddeth,* 374 Ill. 132.) An absent conspirator is equally guilty of another felony committed in the execution of the crime to which the conspiracy relates. (*People* v. *Payne,* 359 Ill. 246; *People* v. *Basile,* 356 Ill. 171; *People* v. *Billburg,* 314 Ill. 182.) In *People* v. *Shapiro,* 371 Ill. 234, this court held a defendant guilty of murder who remained in the car while the others committed the robbery in which the killing occurred. In *People* v. *Suddeth,* 374 Ill. 132, the defendant Suddeth, who with Jeffery Gilleas and Russell Grant, planned to rob a gasoline station, was held guilty of murder, although he was not with the others at the time the robbery was committed but was waiting for them in a barber shop where he had gone to have his hair cut. In *People* v. *Payne,* 359 Ill. 246, a defendant who was not present at the time of the robbery, but was a party to the plot and had previously pointed out to the others the house to be robbed, was held guilty of murder of one killed in the commission of the robbery.

Plaintiff in error, by his own statement, regardless of whether it be called a confession or admission, discloses that he was an active participant in the commission of the robbery in which the killing occurred; that he furnished

the car and the gun used in the commission of the crime and shared in the proceeds of the robbery; and that his object and purpose in starting out with the others on the morning in question was to obtain money by "stick-ups" or robberies. It is not necessary that a conspiracy be charged in the indictment to permit the introduction of testimony that a conspiracy existed, and where a conspiracy is established every act or declaration of any of the conspirators in furtherance of the common purpose is regarded as an act or declaration of each of them and may be proved against all. (*People* v. *Meisenhelter*, 381 Ill. 378; *People* v. *Payne*, 359 Ill. 246.) The evidence of the witness Miles and the statement of Robinson are competent as showing the actions of Robinson in carrying out the conspiracy to rob. The joint statement of the four defendants showing the existence of the conspiracy and their actions in furtherance of the common purpose is clearly admissible.

It is further contended the evidence of the arrest of Pierce, Scott and Offield, having in their possession the revolver used in the robbery, was proof of another crime not related to the offense charged in the indictment. With this we cannot agree. It is always proper to prove the facts and circumstances attendant upon the arrest of a defendant for the crime for which he is being tried, where such facts and circumstances logically tend in any degree to connect him with the perpetration of the crime. (*People* v. *Gallina*, 335 Ill. 270.) The evidence of the checks found in Scott's possession, even though improper, could not reasonably be said to have prejudicially influenced the court in determining the guilt and fixing the punishment of plaintiff in error. Moreover, this evidence being admitted by stipulation, the question of its admissibility is not before us to consider. The admission of improper evidence cannot be complained of in this court where objection to its introduction was not made in the court below.

(*People* v. *Hicks,* 362 Ill. 238; *People* v. *Anderson,* 239 Ill. 168.) It is only in cases where the attorney for defendant is one appointed by the court and is inexperienced in the trial of criminal cases, as in *People* v. *Winchester,* 352 Ill. 237, or where an attorney is stupidly and obstinately recreant in performing his duty toward his client, as in *People* v. *Nitti,* 312 Ill. 73, that this court will consider as grounds for reversal the admission of improper evidence to the introduction of which no objection was interposed at the trial. Pierce employed his own counsel in the court below. The record does not disclose that he was either incompetent or remiss in performing his duty toward plaintiff in error. But even if it were otherwise, plaintiff in error's contention that he was poorly represented at the trial would be of no legal moment, as his attorney was of his own choosing. *People* v. *Hicks,* 362 Ill. 238.

Plaintiff in error further argues that his culpability is no greater than that of his codefendants who were sentenced to a term of twenty years, and that fairness and public policy demand that he receive no greater sentence than they. Plaintiff in error was found guilty of the crime of murder. The punishment imposed on him by the court, although severe, is one of the punishments provided by law for the crime committed. The discretion of the trial court in fixing the punishment or sentence within the limits prescribed by law will not be reviewed except for abuse. This court cannot say that there has been an abuse of discretion in imposing upon Pierce a greater sentence than given his codefendants, Scott and Offield.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*