(No. 28396.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT POND, Plaintiff in Error.

*Opinion filed March 21, 1945—Rehearing denied May 21, 1945.*

ROBERT POND, *pro se.*

GEORGE F. BARRETT, Attorney General, and CLIFFORD N. COOLIDGE, State's Attorney, of Bloomington, for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

July 18, 1938, the defendant, Robert Pond, was convicted in the circuit court of McLean county upon his plea of guilty as an "accessory to burglary with principal armed with dangerous weapon." He was sentenced to imprisonment in the penitentiary for an indeterminate term, "until discharged by the Department of Public Welfare as authorized and directed by law, provided such term of imprisonment in said penitentiary shall not exceed the maximum term for the crime for which the said defendant was herein convicted and sentenced." Appearing *pro se,* he prosecutes this writ of error. No bill of exceptions has been filed. The assignments of error must, therefore, be considered solely upon the common-law record.

Initially, defendant contends that his conviction was void because of (1) the alleged absence of a statutory basis for the offense charged and (2) the claimed failure of the indictment to sufficiently inform him of the crime of which he was accused. Section 36 of division I of the Criminal

Code, (Ill. Rev. Stat. 1943, chap. 38, par. 84,) defining the crime of burglary, provides that "Whoever willfully and maliciously and forcibly breaks and enters, or willfully and maliciously, without force * * * enters into any dwelling house * * * office * * * or other building, with intent to commit * * * robbery * * * or other felony or larceny shall be deemed guilty of burglary and be imprisoned in the penitentiary for any term of years not less than one year or for life." An accessory before the fact is defined by section 2 of division II of the Criminal Code, (Ill. Rev. Stat. 1943, chap. 38, par. 582,) as one "who stands by, and aids, abets or assists, or who not being present, aiding, abetting or assisting, hath advised, encouraged, aided or abetted the perpetration of the crime. He who thus aids, abets, assists, advises or encourages, shall be considered as principal, and punished accordingly."

A plea of guilty confesses merely that the accused is guilty in manner and form as charged in the indictment, and where an indictment does not charge a criminal offense in the form prescribed by the common law or the statute, a plea of guilty to the indictment does not waive the right to challenge the sufficiency of the indictment by a motion in arrest of judgment or on a writ of error. Conversely, under section 9 of division XI of the Criminal Code, technical objections to an indictment arising under strict rules of pleading must be made before trial and are waived by failure to move to quash or otherwise assail the sufficiency of the indictment before trial and verdict. (*People* v. *Fore,* 384 Ill. 455.) Here, the indictment alleges that on April 9, 1938, defendant, armed with a revolver, together with one James Keene, alias Charles W. Wagener, also armed with a revolver, unlawfully, feloniously and burglariously entered the dwelling house of Clarence Palmblade, located in Bloomington, and by force, threats and intimidation, caused Palmblade, an agent of Sears, Roe-

buck and Company, to enter a store, also located in Bloomington, belonging to the corporation, with Keene; that Keene thereupon robbed the agent, Palmblade, of $1100; that defendant aided, assisted and abetted Keene in the perpetration of the burglary and the robbery, and that defendant "did then and there burglariously and feloniously take, steal and carry away the money aforesaid contrary to the form of the statute." The quoted statutory provisions afford an ample basis for the charges contained in the indictment, and the indictment, being couched substantially in the language of the statute, adequately apprised defendant of the criminal offenses charged against him. The language employed was sufficiently clear to enable defendant to prepare his defense, if any. *People* v. *Kobylak,* 383 Ill. 432; *People* v. *Shaver,* 367 Ill. 339.

Defendant insists that the indictment did not charge him as a principal. From the allegations of the indictment, it affirmatively appears that defendant was charged as a principal. He also asserts that the indictment was duplicitous. This contention goes to the form of the indictment, and may not be raised where, as here, no motion to quash was filed. (*People* v. *Weinberg,* 361 Ill. 537.) Moreover, where it is clear that they grow out of the same transaction, separate and distinct offenses may be charged in the same indictment. (*People* v. *Jones,* 291 Ill. 52.) Under the circumstances present, the offenses of burglary and robbery may be, and were, properly joined in the same count. *People* v. *Goodwin,* 263 Ill. 99.

Contending that his constitutional rights have been violated, defendant urges that the court erred in not appointing counsel to represent him. No duty rests upon a trial court to provide legal assistance for an accused unless he states, upon oath, that he is unable to procure counsel. The right to be represented by an attorney is a right personal to a defendant which he may waive or claim, as he himself elects. (*People* v. *Corrie,* 387 Ill. 587; *People* v.

*Corbett,* 387 Ill. 41.) Defendant cannot complain of the failure to appoint counsel for him where, in the absence of a bill of exceptions, the common-law record discloses that he did not assert his right to have an attorney appointed to represent him.

The next contention requiring consideration is that, through misrepresentation and intimidation by the State's Attorney, defendant was coerced into entering a plea of guilty to the indictment. No proper basis for this defense is found in the common-law record. (*People* v. *Lantz,* 387 Ill. 72.) Moreover, the record discloses that, notwithstanding admonition by the court as to the consequences of a plea of guilty, defendant persisted in his plea. The court's duty to defendant was thus fully discharged. *People* v. *Childers,* 386 Ill. 312.

Finally, it is charged that the sentence is vague and ambiguous, rendering impossible the determination of the minimum and maximum sentence to be served. Upon conviction for burglary with intent to commit robbery, the statute specifically provides a sentence "for any term of years not less than one year or for life." As an accessory before the fact, the applicable statute provides that such accessory "shall be considered as principal, and punished accordingly." From these statutory provisions, it is plain that defendant was actually sentenced to the penitentiary for a period of from one year to life. The judgment entered against him was on his plea of guilty, and a finding by the court that defendant "be and is hereby convicted of the crime of accessory to burglary with principal armed with dangerous weapon" was sufficient. The penalty fixed by law is, in all cases of conviction, written into the judgment of the court. *People* v. *Brown,* 389 Ill. 202; *People ex rel. Ewald* v. *Montgomery,* 377 Ill. 241.

The judgment of the circuit court of McLean county is affirmed.