(No. 34897.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK BARNEY, Plaintiff in Error.

*Opinion filed January 23, 1959.*

504

FRANK BARNEY, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, WILLIAM H. SOUTH, and FRANCIS X. RILEY, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Defendant, Frank Barney, brings this writ of error to review the judgment of conviction rendered against him in the criminal court of Cook County for the unlawful sale of narcotic drugs. Upon the denial of his motions for new trial and in arrest of judgment, the defendant was sentenced to the penitentiary for a term of not less than two years and not more than four years.

It appears from a review of the record that police officer Cooperman, of the narcotics section of the Chicago police department was sitting in an automobile at Thirty-fifth and Giles in that city, on March 25, 1955, with one Anthony Pinnola. At about eleven or eleven thirty in the evening, the defendant drove by in a red Hudson automobile. Pinnola hailed the driver, the defendant here, and

he came over to the auto in which Cooperman was sitting. Cooperman told him he wanted to buy a "16th" and defendant told him to stay right there. Defendant left, and returned in ten or fifteen minutes, stopping his car in the middle of the street and just to the rear of the car of Cooperman and Pinnola. Thereupon one Glenn Farabee got out of defendant's auto and gave Cooperman a glassine envelope which contained a white powder, which was stipulated to be heroin. Cooperman gave Farabee sixteen dollars whose serial numbers he had recorded. Defendant Barney remained in his car.

As Farabee was about to re-enter Barney's car, Cooperman arrested him and Barney. Cooperman said Farabee stated that he was glad as he was suffering from tuberculosis and he might get it cleared up in the penitentiary. He testified Barney said "you don't have anything on me, Glenn made the deal with you." The officer stated that later, in response to inquiry, Barney stated that the source of his narcotics supply was an Italian wholesaler, but he couldn't purchase any narcotics for the police. The money paid for the narcotics in this case was found on the person of Farabee.

Farabee testified that he met Barney about eleven or eleven thirty in the evening of March 25, 1955, and asked him for a "bag," as he was sick. He said that by "bag" he meant narcotics, and that he was an addict. Barney told him he had only one bag and it was for someone else. Farabee then got in the car with Barney, who drove to where Cooperman and Pinnola were parked. He stated that at Barney's request he took the bag to Cooperman and received the money in payment. He said he supposed the bag contained dope. He testified he received the money for Barney and was about to give it to him when arrested.

Defendant, Barney, denied that he gave officer Cooperman narcotics or that he gave the bag to Farabee. He

denied he had any conversation with Cooperman, that Cooperman asked him to purchase a 16th, or that he told him to wait. He stated he was on his way home and·dropped Farabee off at Thirty-fourth and Giles.

Defendant Barney and Farabee were indicted on four counts charging them with the sale of narcotics, the dispensing of narcotics, and conspiracy to do each. Barney was represented by counsel of his own choosing at all times. He waived reading of the indictment and received a copy thereof, together with a list of the names of witnesses and the jury. He pleaded not guilty and waived a jury trial. On June 16 he and Farabee were tried by the court. The court overruled defendant's motion for a finding of not guilty, found both defendants guilty, overruled motions for new trial and arrest of judgment, and entered sentence.

Defendant obtained his bill of exceptions pursuant to Rule 65—1(2) of this court, and appears here asserting (1) that the State failed to prove him guilty beyond a reasonable doubt, even failing to prove that he committed a crime, and (2) that the indictment was insufficient.

The testimony of the police officer shows that he arranged with defendant Barney to make the purchase, that Barney told him to wait there, and that Barney returned in about fifteen minutes with Farabee in his car, who delivered the narcotics to the officer, received the money, and was re-entering defendant's car when arrested. The officer further stated that after the arrest, Barney said an Italian wholesaler supplied his narcotics.

The officer is corroborated by the testimony of Farabee who said Barney told him he was delivering his only "bag," and that he had Farabee get out and make the delivery. Farabee was an admitted addict and a codefendant with Barney. His testimony therefore does warrant close scrutiny, but it must not necessarily be disbelieved. His credibility was a matter to be determined by the trial court.

*People* v. *Faulkner,* 12 Ill.2d 176; *People* v. *Hamby,* 6 Ill.2d 559.

The trial judge heard and saw Farabee testify, and he also heard and observed the other witnesses who appeared. The testimony of Cooperman, corroborated by Farabee, establishes a sale of narcotics by Barney. It was the special province of the court, sitting as the trier of facts, to determine the credibility of witnesses, and its finding of guilty must stand unless we can say that the proof is so unsatisfactory as to justify us in entertaining a reasonable doubt of defendant's guilt. (*People* v. Iannacco, 11 Ill.2d 55.) The trial court found the evidence sufficient, and the testimony of Cooperman and Farabee to be worthy of belief. The proof clearly establishes the unlawful sale of a narcotic drug and defendant Barney's guilt.

Moreover, at the very least, Barney aided, abetted, assisted, advised or encouraged Farabee in delivering the narcotics and receiving money therefor, and was thus an accessory before the fact. As such, he may be considered as a principal and punished accordingly. *People* v. *Suddeth,* 374 Ill. 132.

Barney additionally complains that the indictment is insufficient in that it does not state a proper charge, is ambiguous, and its meaning is uncertain. He made no motion to quash the indictment prior to the trial ,and made no attack at all upon the indictment until this appeal. Technical objections to an indictment cannot first be heard subsequent to the trial (*People* v. *Fore,* 384 Ill. 455) and defendant has thus waived any defects therein.

Nevertheless, we believe the indictment is sufficient, as it is in the language of the statute (Ill. Rev. Stat. 1953, chap. 38, par. 192.2,) and also includes certain descriptive language and information which bolsters its validity. *People* v. *DeFrates,* 395 Ill. 439.

The indictment is, in our view, satisfactory, defendant has waived any technical objections thereto, and the evi-

dence is fully sufficient to sustain the conviction. The judgment of the criminal court of Cook County is, therefore, affirmed.

*Judgment affirmed.*