(No. 52443.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JAKE WALKER, Appellee.

*Opinion filed October 17, 1980.*

MORAN, J., dissenting.

William J. Scott, Attorney General, of Springfield, and Patrick Walsh, State's Attorney, of Decatur (Donald B. Mackay, Melbourne A. Noel, Jr., and Neal B. Good-friend, Assistant Attorneys General, of Chicago, and Marc D. Towler, of the State's Attorneys Appellate Service Commission, of Springfield, of counsel), for the People.

Daniel D. Yuhas, Deputy Defender, and Jeffrey D. Foust, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Defendant, Jake Walker, was charged by information in the circuit court of Macon County with three counts of armed robbery (Ill. Rev. Stat. 1975, ch. 38, par. 18—2) and one count of attempted murder (Ill. Rev. Stat. 1975, ch. 38, par. 8—4). Defendant pleaded guilty to all charges, and the circuit court entered judgment thereon and imposed an 8- to 24-year term of imprisonment on each count, to be served concurrently. Defendant filed motions to withdraw his guilty plea and to reduce sentence but informed the circuit court that he actually desired only a reduction of sentence and that he moved to withdraw his guilty plea only because he perceived such a motion to be a prerequisite to appellate review. (See 73 Ill. 2d R. 605 (b)(2).) The circuit court felt that it could not reduce sentence unless the judgment of conviction were vacated, and it accordingly denied relief. On appeal by defendant, the appellate court, in a Rule 23 order (73 Ill. 2d R. 23),

vacated the circuit court's order denying defendant's motion for reduction of sentence, and it remanded the cause to the circuit court with directions to address that motion. (59 Ill. App. 3d 1115.) On remand, the circuit court denied the motion. Defendant again appealed, alleging only that his sentence was excessive. The appellate court, again in a Rule 23 order, *sua sponte* reversed the judgment of conviction and sentence on the attempted murder charge, finding that the information charging that offense was defective because it failed to allege that defendant acted with intent to kill. (72 Ill. App. 3d 1110; see *People v. Harris* (1978), 72 Ill. 2d 16; *People v. Trinkle* (1977), 68 Ill. 2d 198.) The appellate court unanimously ruled that the information, because of the failure to allege the proper mental element, lacked the specificity required to enable defendant to prepare a defense. The appellate court also reduced defendant's sentences on the three armed robbery convictions to 4 to 12 years because of the reversal of the attempted murder conviction and because defendant's age of 15 years allowed him considerable potential for rehabilitation. One justice dissented from the court's decision to reduce sentence. We allowed the State leave to appeal and now reverse.

On March 16, 1977, defendant was charged by information with three counts of armed robbery and one count of attempted murder. The attempted murder charge alleged that defendant, on February 28, 1977 "committed the offense of ATTEMPTED MURDER, in violation of Ch. 38, sec. 8—4, Ill. Rev. Stat. 1975, as amended, in that he, with the intent to commit the offense of Murder, did an act which constituted a substantial step toward the commission of said offense, namely: he, or another person for whose conduct he is responsible, while armed with a deadly weapon, namely: a handgun, struggled with Robert Barnett at the Owens Oil Station, located at 1175 East Grand Street, Decatur, Illinois, and fired the gun several

times causing Robert Barnett to be shot in his head and shoulder, and causing Keith Fowler to be shot in his shoulder, all acts being performed while defendant knew they created a strong probability of death or great bodily harm." Prior to the filing of the information, a determination had been made that defendant, 15 years old, would be tried as an adult.

On April 1, 1977, a preliminary hearing was conducted. Charles E. Boland, a Decatur police officer, described the details of the alleged offenses as related to him by the victims, service station attendants Robert Barnett and Keith Fowler. According to Barnett and Fowler, a male and female entered the station and demanded money. The male, identified subsequently as defendant, carried a small-caliber gun. Barnett and Fowler both relinquished an unspecified amount of money, Barnett apparently relinquished his wallet, and defendant and his accomplice began backing out of the station. Barnett grabbed defendant, and in an ensuing struggle, defendant fired the gun approximately four times. Fowler was wounded twice, once in each shoulder. The record also indicates that Barnett was also wounded during the struggle, once in the head and once in a shoulder. As defendant fled, he turned briefly to· say something to Barnett and to shoot at him, again hitting him in the head. Defendant's female accomplice had fled before any shots were fired.

The female accomplice, Clara Horton, was subsequently interviewed by Officer Boland, and she admitted participating in the offense and identified defendant as the other participant. Horton told Boland that the idea for the robbery was conceived when she told defendant that she needed money, and defendant suggested the service station. Horton, 18 years of age, pleaded guilty to one count of robbery and received a sentence of 2½ to 10 years' imprisonment.

Defendant was arraigned immediately following his preliminary hearing, and he entered a plea of not guilty to all charges. Approximately two months later, on May 31, 1977, defendant informed the circuit court that he desired to change his plea to guilty and to abandon various pretrial motions filed on his behalf. Defense counsel informed the court that defendant was pleading guilty against the advice of counsel, and counsel questioned defendant in open court concerning defendant's decision to plead guilty. Defendant acknowledged counsel's opinion that two pretrial motions on file were meritorious and that the sentence recommended by the State, 10 to 30 years, was excessive. Defendant nonetheless persisted in pleading guilty. The court inquired into defendant's understanding of the charges and proceedings, and defendant was then admonished of the rights that he was waiving by pleading guilty (see 73 Ill. 2d R. 402). The court twice recited the attempted murder charge in substantially the same language as is contained in the information, and a factual basis for the plea was read into the record, largely reiterating the preliminary hearing testimony of Officer Boland. The factual basis also indicated that, in shooting Robert Barnett while fleeing from the service station, defendant stood 6 to 10 feet away and said, "You didn't think I would really shoot you, did you?" Following recital of the factual basis, the circuit court accepted defendant's plea of guilty and entered judgment on the plea.

A sentencing hearing was held on June 16, 1977, and the report of an investigating probation officer was presented to the court in which it was recommended that defendant not be granted probation. The report indicated that neglect petitions had been filed against defendant in 1972, 1973 and 1974, apparently based on some substantive charge against defendant. (See Ill. Rev. Stat. 1975, ch. 37, par. 702—4(1)(b).) The report also indicated that defendant was found delinquent in 1975 on a charge of

theft under $150. Pursuant to the 1975 finding of delinquency, defendant was committed to the Department of Corrections, and he was on parole from that commitment at the time of the offenses now in question.

Citing defendant's recent history of involvement with the juvenile court and the seriousness of the offenses charged, the State recommended a term of imprisonment of 10 to 30 years. Defense counsel objected, pointing out that codefendant Clara Horton had received a sentence of only 2½ to 10 years. Defense counsel also asked the court to consider that defendant was only 15 years old and exhibited rehabilitative potential, as evidenced by his unwavering desire to plead guilty in the face of counsel's representations that defendant's pretrial motions were meritorious. The court rejected defense counsel's argument that defendant should receive a sentence similar to that received by codefendant Horton, pointing out that defendant, unlike Horton, wielded and used a gun and that defendant, unlike Horton, was charged with and pleaded guilty to attempted murder. The court entered concurrent sentences of 8 to 24 years on each count, finding that imprisonment was necessary for the protection of the public; that defendant was in need of correctional treatment that could best be provided if defendant were imprisoned; that probation or conditional discharge would deprecate the seriousness of the offense and would be inconsistent with the ends of justice; and that a minimum term of eight years would allow the Department of Corrections sufficient time to assess defendant's rehabilitative potential and to implement corrective measures. After sentencing defendant, the circuit court read Supreme Court Rule 605(b) to defendant, thereby advising him, *inter alia*, that the right to appeal from a plea of guilty is conditioned upon the filing and denial of a motion to vacate judgment and withdraw the plea and that "any issue or claim of error not raised in

the motion *** shall be deemed waived." 73 Ill. 2d R. 605(b)(6).

We address first the question of whether defendant has waived his challenge to the sufficiency of the attempted murder charge. As the State points out, defendant made no pretrial attack on the charge and did not raise the issue in his motion to vacate his guilty plea or in either of his two appeals to the appellate court. In most instances, such omissions by a defendant waive his right to raise an issue on appeal. In *People v. Roberts* (1979), 75 Ill. 2d 1, for example, we held that a defendant's failure to challenge an attempted murder instruction at trial waived consideration on appeal (75 Ill. 2d 1, 14-15) and that a defendant's failure to challenge an attempted murder conviction on direct review of his conviction barred relief under the Post-Conviction Hearing Act (75 Ill. 2d 1, 10). We are dealing here, however, with an allegation, albeit made by defendant for the first time in this court, that the information charging him with attempted murder is void because it fails to correctly allege the offense. While technical defects in a charge are waived if not challenged in the circuit court (*People v. Clark* (1963), 30 Ill. 2d 67, 73; *People v. Barney* (1959), 15 Ill. 2d 503, 507), the argument that a charge is void is one that can be raised at any time, regardless of whether the alleged error is properly preserved for review (*People v. Heard* (1970), 47 Ill. 2d 501, 505; *People v. Minto* (1925), 318 Ill. 293, 296; see also Ill. Ann. Stat., ch. 38, par. 114—1, Committee Comments, at 197-98 (Smith-Hurd 1977)). We therefore hold that defendant has not waived his challenge to the sufficiency of the attempted murder charge. The allegation that a charge is void is an allegation of a substantial defect that cannot be waived. (73 Ill. 2d R. 615(a).) We therefore proceed to the merits of the argument.

As the court held in *People v. Pujoue* (1975), 61 Ill.

2d 335, 339, the omission of a material element does not *per se* render a charge void, and when challenged for the first time on appeal, a charge will be held "sufficient if it apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow the pleading of a resulting conviction as a bar to future prosecution arising out of the same conduct." (See also *People v. Rege* (1976), 64 Ill. 2d 473, 478; *People v. Gilmore* (1976), 63 Ill. 2d 23, 28-29.) The State argues that, in the application of this standard, the appellate court erred in holding that defendant was not sufficiently apprised of the nature of the attempted murder charge to enable him to prepare a defense. Defendant, to the contrary, argues that he may have defended on the basis of an absence of an intent to kill if the charge had properly informed him that such an intent is an essential element of the offense. Given the facts of the case, there is no arguable merit to defendant's suggested defense, and we agree with the State that defendant therefore was not prejudiced by the faulty charge. In rhetorically asking Barnett whether he thought defendant would shoot him, defendant acknowledged his intent to shoot Barnett. The ensuing shot to the head from a distance of 6 to 10 feet leaves no doubt that defendant intended to administer a *coup de grace*, having already twice shot Barnett, once in the head and once in the shoulder. The intent to kill is clear (*People v. Koshiol* (1970), 45 Ill. 2d 573, 578), and the defect in the charge is therefore harmless (*People v. Jones* (1980), 81 Ill. 2d 1, 9-10).

Defendant nonetheless argues that the circuit court's failure to admonish him of the proper mental element renders his guilty plea involuntary as violative of due process. The argument, however, was not contained in defendant's motion to withdraw his guilty plea and may not be made for the first time in this court. (73 Ill. 2d R. 604(a).) Constitutional issues, as any issue, may be waived. (*People v. Black* (1972), 52 Ill. 2d 544, 553, *cert. denied*

(1973), 411 U.S. 967, 36 L. Ed. 2d 689, 93 S. Ct. 2155; *People v. Amerman* (1971), 50 Ill. 2d 196, 197.) As can be seen from our discussion of the previous issue, the alleged defect in the circuit court's admonishment of defendant is not substantial in character and therefore is not the type of issue we might review as an exception to the waiver principle. 73 Ill. 2d R. 615(a).

Finally, we agree with the State that the circuit court did not abuse its discretion in imposing upon defendant a term of imprisonment greater than that given codefendant Clara Horton. In seeking reduction of sentence, defendant makes the following self-contradictory argument: "Clara Horton and Jake Walker were similarly situated. They both pled guilty to charges arising out of the same robbery and shooting. The only difference in their involvement was that Jake Walker carried the gun, and thus, was the one who did the shooting." Given the difference mentioned, it can hardly be said that defendant and Horton were similarly situated. Defendant's longer sentence, based on the fact that he held a gun and did the shooting, was entirely justified. *People v. Jackson* (1970), 47 Ill. 2d 344, 348.

For the foregoing reasons, the judgment of the appellate court, reversing the judgment of the circuit court, is reversed, and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

MR. JUSTICE MORAN, dissenting:

The majority here errs in its assessment of the standard to be used to determine if an information is void. The opinion correctly states the basic rule that "the argument that a charge is void is one that can be raised at any time, regardless of whether the alleged error is properly preserved for review." (83 Ill. 2d at 313.) However, the majority, citing *People v. Pujoue* (1975), 61 Ill. 2d 335, proceeds to test the information by a different and lesser

standard than that applied to a charge attacked by a motion to quash or by a post-trial motion.

In *Pujoue*, this court stated:

"[T]he sufficiency of a complaint attacked for the first time on appeal must be determined by a different standard, and we do not agree with the appellate court that failure to allege an element of the offense in the complaint, *per se*, rendered it void." (61 Ill. 2d 335, 339.)

The court went on to recite the rule applicable to indictments which are attacked for the first time on appeal and found that an indictment is sufficient "if it apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct." (*People v. Pujoue* (1975), 61 Ill. 2d 335, 339.) While the above rule as stated is correct, and may be used to defeat a defect which is a matter of form only, it cannot be applied to save any indictment or information which has failed to include an essential element of the offense, as such omission can never be regarded a matter of form. This is true regardless of when the indictment is first attacked, be it before trial, after trial, or on appeal.

In *People v. Gilmore* (1976), 63 Ill. 2d 23, the court examined the consequences of a defendant's failure to raise the question of the sufficiency of indictments at the trial level. The court resolved the question by referring to section 114—1 of the Code of Criminal Procedure of 1963:

"(a) Upon the written motion of the defendant made prior to trial before or after a plea has been entered the court may dismiss the indictment, information or complaint upon any of the following grounds;

\*\*\*

(8) The charge does not state an offense;

\*\*\*

(b) The court shall require any motion to dismiss to

be filed within a reasonable time after the defendant has been arraigned. Any motion not filed within such time or an extention thereof shall not be considered by the court and the grounds therefor, *except as to subsections (a)(6) and (a)(8)* of this Section, are waived." (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 38, pars. 114—1(a), (b).)

The committee comments to section 114—1(a)(8) specify that a motion under this paragraph may be made at any time:

"Subsection (a)(8) permits the motion to dismiss where the charge does not state an offense. \*\*\*. Since the charge which does not state an offense does not give defendant a full notice of why he is being tried, and the charge will not support a judgment unless an offense is stated therein, due process would be violated and *may be attacked at any time.*" (Emphasis added.) (Ill. Ann. Stat. ch. 38, par. 114—1(a)(8), Committee Comments, at 197-98 (Smith-Hurd 1977).)

The court in *Gilmore*, however, interpreted the non-waiver provision to extend only to motions in arrest of judgment. This assessment was based on section 116—2(b)(1) of the Code of Criminal Procedure of 1963, which provides that a verdict or finding of guilty may be arrested when [t]he indictment, information or complaint does not charge an offense." (Ill. Rev. Stat. 1975, ch. 38, par. 116—2(b)(1).) This court in *Gilmore* then concluded that, since no similar statutory provision was enacted by the legislature for the indictment first attacked on appeal, the nonwaiver provision of section 114—1(b) did not apply. I do not feel that this conclusion is justified. The legislature cannot destroy or diminish the constitutionally mandated right of a defendant to be informed of the nature of the offense with which he is charged. Moreover, the plain meaning of this statute forces the conclusion that where an indictment or information fails to allege an essential element of the offense it may be attacked at any time, including on appeal. The standard by which it is to be judged is not lessened by the fact that it is first attacked on appeal. It is a fundamental rule that a defendant has a

right guaranteed by both the Constitution of the United States and the Constitution of Illinois to be informed of the nature of the accusation with which he is charged. (U.S. Const., amend. VI; Ill. Const. 1970, art. I, sec. 8; *Russell v. United States* (1962), 369 U.S. 749, 765, 8 L. Ed. 2d 240, 251, 82 S. Ct. 1038, 1047-48.) If the defect in the indictment or information is merely a technical objection to a matter of form, the defect will be waived by a defendant's failure to present a motion to quash. (*People v. Barney* (1959), 15 Ill. 2d 503, 507; *People v. Harris* (1946), 394 Ill. 2d 325, 327; *People v. Pond* (1945), 390 Ill. 237, 239; *People v. Novotny* (1939), 371 Ill. 58, 61.) In the present case, however, the defect is the failure to specify an essential element of the crime charged—"intent to kill." The only mental state specified in the information was that the defendant "knew they [his acts] created a strong probability of death or great bodily harm." The omission of the element "intent to kill" renders the information void and requires reversal of the conviction even though the defendant tendered a plea of guilty. *Klawanski v. People* (1905), 218 Ill. 481, 484. See also *People v. Furman* (1962), 26 Ill. 2d 334, 335; *People v. Nickols* (1945), 391 Ill. 565, 571; *People v. Pond* (1945), 390 Ill. 237, 239; *People v. Green* (1938), 368 Ill. 242, 251, *overruled in part on other grounds* in *People v. Griffin* (1967), 36 Ill. 2d 430; *People v. Minto* (1925), 318 Ill. 293, 295; *People v. Wallace* (1925), 316 Ill. 120, 122.

For the above reasons, as well as for the reasoning found in my dissent in *People v. Barker* (1980), 83 Ill. 2d 319, I would affirm the judgment of the appellate court.