UNITED STATES ex rel. NORTNER v.
HIATT, Warden.

No. 112.

District Court, M. D. Pennsylvania.
June 18, 1940.

Charles W. Kalp, of Lewisburg, Pa., for relator.

Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for respondent.

JOHNSON, District Judge.

Relator is confined in the United States Northeastern Penitentiary by virtue of seven judgments and commitments of the United States District Court for the District of Columbia, dated September 19, 1938. Relator contends that when he was asked to plead to the charges against him and when he pleaded guilty thereto, he was not represented by counsel, and he did not know his constitutional right to have counsel, and did not competently and intelligently waive his right to the assistance of counsel guaranteed by the Sixth Amendment to the Constitution of the United States, and that, therefore, he is illegally

confined in violation of the Constitution of the United States and without authority of law.

Relator avers under oath in his petition, corroborated by his testimony under oath at the hearing on petition for release, that at the time of sentence he was 18 years old, that he was ignorant of the exact facts and charges in the indictments and of the legal effect and significance of the pleas of guilty which he entered, that he was ignorant of his right to counsel, that he was not advised thereof by the judge or any other court official, and that he was without funds and had no friends or relatives in or near Washington, D.C., when sentenced. The response, sworn to by the Acting Warden of the United States Northeastern Penitentiary, denies that relator was ignorant of his constitutional right to counsel, denies that he was not advised of his constitutional right to counsel, and avers that relator was aware that he could request counsel, but made no such request. The Acting Warden was not present at the sentencing of relator, had no connection therewith and no personal knowledge thereof, and at the hearing on release no evidence was offered in support of the allegations of the response.

In habeas corpus proceedings the burden is on the petitioner to convince the court by a preponderance of the evidence that he did not competently and intelligently waive his constitutional right to the assistance of counsel. Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461. Petitioner here showed a record irregular on its face, by showing that the seven judgments and commitments do not indicate that he was advised of his constitutional right to counsel, although a blank space is provided in the form for that purpose and instructions attached thereto direct the space to be appropriately filled in, showing whether the defendant waived his right to counsel or asked to have counsel appointed by the court. Relator also testified under oath in open court that he was ignorant of his right to counsel and was not advised thereof, and his sworn petition for the writ is to the same effect. No contradictory evidence was offered. Petitioner has met his burden of proving by a preponderance of the evidence that his constitutional rights have been infringed.

The government contends that since relator at time of sentence did not request counsel, he impliedly waived that right, citing as authority the case of Buckner v. Hudspeth, 10 Cir., 105 F.2d 396. The Buckner case does hold that an implied waiver of the right to counsel will result where a defendant does not request that counsel be appointed for him, but it is based upon numerous decisions of state courts which are flatly contrary to the express ruling of the United States Supreme Court in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. The Supreme Court there held that the right to the assistance of counsel is a fundamental constitutional right guaranteed by the Sixth Amendment, that there is a presumption against waiver of such rights, and that there is no presumed acquiescence in the loss of these fundamental constitutional rights. Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461. Personal rights and liberties assured by our Constitution are to be jealously guarded, and this court does not agree with the decision of the Buckner case, that waiver of these rights should be implied. The only way by which a defendant can waive such rights is by a competent and intelligent waiver when acting in full knowledge of his rights and constitutional guaranties. In determining whether he has so waived his right to counsel the particular facts and circumstances of each case will control, including the background, experience and conduct of the accused. Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461. As a juvenile the relator has twice been in the custody of a court, but the circumstances of this case together with the evidence and the state of the record show nothing indicative of a competent and intelligent waiver of the relator's right to the assistance of counsel. The relator is entitled to be released upon the writ of habeas corpus sued out in this court.

One question remains to be decided: What disposition shall be made of the prisoner, who is entitled to be released from the custody of the warden of the penitentiary, but who has pleaded guilty to the charges held against him in the District of Columbia? No question has been raised against the validity of the indictments in the District of Columbia, but relator's convictions thereunder are void because there was no compliance with the mandate of the Sixth Amendment to the Constitution, and compliance with this constitutional mandate is an essential jurisdictional prerequisite to a federal court's authority to

deprive an accused of his life and liberty. Johnson v. Zerbst, 304 U.S. 458, 467, 58 S.Ct. 1019, 82 L.Ed. 1461. We are not authorized to remand the prisoner to the custody of the court which sentenced him, but under the statutes of the United States the court in habeas corpus proceedings is directed to dispose of the prisoner as law and justice require. To secure justice in this case in accordance with the decision of the United States Supreme Court in Medley, Petitioner, 134 U.S. 160, 174, 10 S.Ct. 384, 33 L.Ed. 835, the United States Attorney for the District of Columbia shall be notified by the warden of the penitentiary of the precise time when he will release the prisoner from his custody under the present sentence and warrant at least ten days beforehand, and after doing this, and at that time, he shall discharge the prisoner from his custody.

Therefore, it is ordered that the imprisonment of Ralph S. Nortner in the United States Northeastern Penitentiary, Lewisburg, Pennsylvania, is without authority of law and in violation of the Constitution of the United States, and that the said Ralph S. Nortner is entitled to have his liberty. Whereupon it is hereby ordered that the said Ralph S. Nortner be, and he is hereby, discharged from said imprisonment.

Further, it is ordered that William H. Hiatt, Warden of the United States Northeastern Penitentiary, Lewisburg, Pennsylvania, do notify the United States Attorney for the District of Columbia of the day and hour when he will discharge the said Ralph S. Nortner from imprisonment, and that such notice be given at least ten days before the release of the prisoner.