(No. 29307.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM DEE, Plaintiff in Error.

*Opinion filed January 23, 1946.*

WILLIAM DEE, *pro se.*

GEORGE F. BARRETT, Attorney General, and WILLIAM T. HENDERSON, State's Attorney, of Danville, (JOHN W. UNGER, of Danville, of counsel,) for the People.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error appears *pro se* to prosecute this writ of error to review a judgment entered on June 27, 1928, by the circuit court of Vermilion county. He was sentenced upon a verdict returned by a jury finding him guilty of burglary and larceny.

The judgment of the court sentencing plaintiff in error was as follows: "Therefore it is ordered and adjudged by the Court that the said defendant be taken from the

bar of this court to the common jail of Vermilion County, from whence he came, and from thence by the Sheriff of said Vermilion County, within a reasonable time from this date, to the Penitentiary of this State at Chester and be delivered to the Warden or Keeper of said Penitentiary, and the said Warden or Keeper is hereby required and commanded to take the body of said defendant and confine him in said penitentiary in safe and secure custody or on parole, from and after the delivery hereof, until discharged by the prison Board as authorized and directed by law, provided such term of imprisonment shall not exceed the maximum term, provided by law for the crime for which said defendant was convicted and sentenced, making allowance for good time as now provided by law, and said defendant is ordered by the court to pay the costs of prosecution. Bill of exceptions 60 days."

Plaintiff in error's first contention is that the court erred in entering judgment sentencing the plaintiff in error to "the penitentiary of this State at Chester." Plaintiff in error urges that the sentence is erroneous in that it failed to definitely fix the legal place of imprisonment. This court at other times has had occasion to pass upon this same question. In the case of *People ex rel. Ross* v. *Becker,* 382 Ill. 404, plaintiff in error in that case had been sentenced "to the penitentiary of this State at Chester, Illinois." It was there contended that the judgment was void and the sentence a nullity for the reason that the court lacked complete jurisdiction in that the defendant had been sentenced and committed to a nonexistent penal institution. It was there held that the contention was not well taken. Counsel in the *Becker case* relied upon the case of *People* v. *Wood,* 318 Ill. 388, to support the contention that relator there had been sentenced to a nonexistent penal institution. Plaintiff in error here urges, also on authority of the *Wood case,* that he has likewise been sentenced erroneously. The *Wood case* is not in point. In the *Wood case* the judgment of

conviction directed the sheriff to deliver the defendant Wood to the warden or keeper of the penitentiary at Chester and commanded him to keep him in safe and secure custody. This judgment did not sentence Wood to any penal institution and the court so held. The *Wood case* is not analogous to the instant case, as here the defendant was sentenced to the penitentiary at Chester. At the time of plaintiff in error's conviction, the prison to which he was committed was commonly designated as the Southern Illinois State Penitentiary at Chester. (Ill. Rev. Stat. 1927, chap. 108, par. 72.) The judgment sentencing plaintiff in error "to the Penitentiary of this State at Chester" is sufficiently clear and definite as to leave no doubt. It cannot be here contended that plaintiff in error has been sentenced to a nonexistent penal institution. It was here manifest that public officials understood there was a penitentiary at Chester. *People* v. *Buckner,* 281 Ill. 340.

Plaintiff in error also urges that the trial court's judgment sentenced him for the maximum term. The judgment of the lower court sentenced plaintiff in error to the penitentiary "until discharged by the prison board as authorized and directed by law, provided such term of imprisonment shall not exceed the maximum term." We are unable to agree with the plaintiff in error that this judgment sentenced him to the maximum term. We have many times held that the term of the sentence is the term fixed by law and that penalty will be read into the sentence of the court. In this case the judgment and the sentence of the lower court must be construed as an indeterminate sentence in accordance with the statute providing for a sentence to the penitentiary for a term of years not less than one or for life, (Ill. Rev. Stat. 1927, chap. 38, par. 84,) and we therefore hold that that part of the sentence that such term of imprisonment should not exceed the maximum term amounts to no more than surplusage and is not a sentence for the maximum term. It is therefore clear, under the

rule that the term of sentence is the term fixed by law on conviction and is written into the judgment of the court, that the plaintiff in error has been sentenced in accordance with the statute for a term of not less than one year or for life. *People* v. *Childers,* 386 Ill. 312; *People ex rel. Ewald* v. *Montgomery,* 377 Ill. 241.

*Judgment affirmed.*