(No. 31465.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM BURNETT, Plaintiff in Error.

*Opinion filed November 27, 1950.*

WILLIAM BURNETT, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and ROBERT J. ELLIS, State's Attorney, of Freeport, (JOHN G. WHITON, of Freeport, and HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

William Burnett, plaintiff in error, was indicted for the crimes of burglary and larceny at the June term, 1935, in the circuit court of Stephenson County. He entered a plea of guilty and was sentenced to the penitentiary to be confined according to law.

Errors assigned are: (1) The judgment fails to set forth the name of the crime of which plaintiff in error was convicted; (2) the judgment fails to fix a term of imprisonment; (3) plaintiff in error was found guilty of the crime of larceny and is entitled to his discharge since he has served more than the ten years maximum sentence provided for that offense; (4) the judgment imposed an invalid sentence, since he was sentenced to the Illinois State Penitentiary "at Joliet, Illinois;" (5) plaintiff in error was not represented by counsel, and (6) there was no legal plea entered to the indictment.

The first contention that the judgment fails to set forth the name of the crime of which plaintiff in error was convicted is without merit, for the reason the record discloses that in the first paragraph of the judgment order it is specifically stated "Said Defendant having heretofore pleaded guilty to the crime of burglary and larceny," and the sentence to the penitentiary which follows relates directly to the plea of guilty referred to in the quoted language. The rule governing this question is that while the term of imprisonment fixed by the section of the criminal code relating to the crime of which the prisoner stands convicted is read into every judgment, yet it is necessary to state in the judgment the name of the crime, or to so describe it that it can be identified by the warden. (*People* v. *Langford*, 392 Ill. 584.) Plaintiff in error relies upon the case of *People* v. *Meyers*, 397 Ill. 286. This case is not applicable to the facts here for the reason that in that case nothing appeared from which it could be determined of what crime the defendant stood convicted, and the sentence imposed was improper for any offense mentioned in the indictment. It is true we have repeatedly held that the term fixed by the section of the criminal code for the offense of which the defendant stands convicted is read into every judgment, (*People* v. *Pond*, 390 Ill. 237; *People ex rel. Ewald* v. *Montgomery*, 377 Ill. 241,) yet it is necessary to state in the judgment the name of the crime or so describe it that it can be identified by the warden or the parole board. *People* v. *Langford*, 392 Ill. 584; *People* v. *Wood*, 318 Ill. 388; *People* v. *Boer*, 262 Ill. 152.

In the *Meyers case* it was impossible to determine whether the court intended to sentence the defendant for larceny or burglary, or both. In the instant case, the warden could scarcely be in doubt that the sentence rested on a plea of guilty to burglary and larceny.

Plaintiff in error next contends that no term of years is set out in the judgment. The rule is well settled that

the term fixed by the section of the criminal code for the offense of which one stands convicted is read into every judgment. (*People* v. *Meyers*, 397 Ill. 286; *People* v. *Pond*, 390 Ill. 237.) In the instant case, the sentence directed defendant's imprisonment "until discharged according to law." The warden had only to refer to the statute prescribing the penalty for the crimes of burglary and larceny in order to determine the term to be served by the defendant. Section 2, paragraph 796, chap. 38, Illinois Revised Statutes 1935, which was in effect at the time of the offenses involved here, provides for indeterminate sentences for both burglary and larceny and precludes the fixing of a definite term of imprisonment in this case. The court could not properly have fixed such a term.

It is next contended that the judgment includes a finding of guilt as to only one of the crimes charged in the indictment, and it is urged that the judgment makes a finding of guilt as to but one of the offenses named, and the subsequent finding of the value of the goods taken serves to identify the prior finding as being of the crime of larceny, alone. The record discloses the finding was of guilt "as charged in the indictment," and the indictment charges both burglary and larceny. The use of the word "crime" in the singular, while it might be inept, does not change the clear meaning expressed in the judgment. *People* v. *Saxton*, 400 Ill. 257.

Aside from any other contention on this point, we find that where the defendant is convicted of burglary and larceny of goods in a burglarized building, it is not error to impose concurrent sentences for both offenses. (*People* v. *McMullen*, 400 Ill. 253.) And where a greater and a lesser offense is charged in one indictment and a general finding of guilt is made, the court can properly sentence the defendant for the crime carrying the greater punishment. *People* v. *Gray*, 402 Ill. 590.

As to the improper designation of the State penitentiary to which plaintiff in error was sentenced, we have held that the designation of a particular place of imprisonment is not reversible error, but is ground only for remandment for a correct sentence. (*People* v. *Mikula,* 357 Ill. 481.) There is no ground for reversal on that point.

Plaintiff in error contends that his constitutional right to be represented by counsel has been violated. The record discloses no action on the part of defendant to obtain counsel and no request of any kind for the court's assistance in obtaining counsel. Defendant makes no contention. that he was not aware of his right to be represented by counsel. The rule is that, in noncapital cases, where the record is silent and the accused did not state under oath that he was unable to obtain the services of counsel and request the appointment of counsel, no duty rests upon the court to make such appointment. (Ill. Rev. Stat. 1935, chap. 38, par. 754; *People* v. *Bassinger,* 403 Ill. 108.) In such case the defendant is deemed to have waived a personal right and no constitutional question is presented. The defendant was a man of thirty-three years of age, apparently mature and under no disability, and his contention in this regard cannot be sustained.

Plaintiff in error lastly contends that the court received and entered his plea before he was admonished as to the consequences thereof and he cites section 4 of division XIII, (Ill. Rev. Stat. 1935, chap. 38, par. 756,) which provides that where an accused pleads guilty, his plea shall not be entered until after the court shall have fully explained the consequences of his plea and that the accused has persisted in such plea. The record in the instant case discloses clearly that the defendant made his plea and that the court admonished him of its effect and consequences, and that the defendant still persisted in such plea. The object of the cited statute is to give defendant an opportunity to withdraw his

plea of guilty if, after hearing its consequences, he desires a trial by jury. (*People* v. *Wilke,* 390 Ill. 598.) That object was accomplished in the instant case and the court sufficiently discharged its duties in that regard. *People* v. *Pond,* 390 Ill. 237; *People* v. *Corrie,* 387 Ill. 587.

No reversible error appearing in this case, the judgment of the circuit court of Stephenson County is affirmed.

*Judgment affirmed.*