(No. 31942.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD REESE, Plaintiff in Error.

*Opinion filed September 21, 1951.*

EDWARD REESE, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and LAWRENCE A. SMITH, State's Attorney, of Savanna, (HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

In 1938 plaintiff in error, Edward Reese, was convicted in the circuit court of Carroll County of larceny of a motor vehicle, under an indictment charging in count I the crime of larceny of a motor vehicle and in count II the crime of grand larceny. Upon his arraignment he entered a plea of guilty to stealing a motor vehicle "in the manner and form as charged in the indictment." The court thereupon explained such a plea and the consequences and effect thereof, and, after defendant persisted in his plea of guilty, adjudged him guilty of stealing a motor vehicle and sentenced him to the penitentiary "until discharged according to law."

Appearing *pro se,* defendant now brings only the common-law record here for review. He assigns as error (1) that the court failed to advise him of the right to be represented by counsel; (2) that judgment was entered without an affirmative finding that he waived his right to a trial by jury; (3) that since the indictment alleged the value of the property stolen he was adjudged guilty of

the crime of larceny, for which the sentence fixed by law (less "good time") has been fully served by him, and that he is, therefore, entitled to his discharge; and (4) that the sentence fails to set a minimum or maximum period of imprisonment.

There is no merit to the contention that defendant was deprived of his constitutional right to be represented by counsel. The record discloses no attempt by defendant to obtain counsel and no request for the court's assistance in this respect. Nor does defendant claim he was unaware of his right. It is well settled that in noncapital cases, where the record is silent and the accused made no statement under oath that he was unable to obtain the services of counsel and made no request for the appointment of counsel, he cannot be heard to complain that he was denied due process of law. The right to be represented by counsel in such cases is a right personal to the accused, and is deemed to be waived if not claimed. *People* v. *Burnett,* 407 Ill. 269; *People* v. *Corrie,* 387 Ill. 587.

Nor can the contention be sustained that error is present where, as here, the common-law record fails to affirmatively disclose a waiver of the right to a trial by jury. The plea of guilty itself constituted a waiver of trial by jury. It is unnecessary that the record contain a further showing of such waiver. *People* v. *Clark,* 405 Ill. 483.

Defendant next asserts that the indictment charged him with larceny and fixed the value of the property stolen at $200; that he pleaded guilty "as charged in the indictment;" and that the crime for which he was adjudged guilty is, therefore, grand larceny, the penalty for which has now expired. The argument misrepresents the facts. As hereinbefore related, the indictment contains two counts. The first charged him with larceny of a motor vehicle and contained no allegation of value. The second charged him with the crime of grand larceny and alleged a value in the amount of $200. The record recites a plea of guilty "to

stealing a motor vehicle, in manner and form as charged in the indictment," and such was the description of the crime recited in the judgment finding defendant guilty. The judgment contains no finding with respect to the value of the stolen automobile.

The crime of larceny of a motor vehicle is an offense separate and distinct from grand larceny, the distinction being a finding of value in the latter case. The term of imprisonment prescribed for the latter crime is a period of from one to ten years, (Ill. Rev. Stat. 1949, chap. 38, par. 389,) while that for larceny of a motor vehicle is a period of not less than one nor more than twenty years. (Ill. Rev. Stat. 1949, chap. 38, par. 388a.) The crime of which defendant was adjudged guilty is clearly specified in the judgment as larceny of a motor vehicle, and, as no reference is made to the count charging grand larceny, the judgment is equivalent to an acquittal on the latter count. (*People* v. *Sobucki,* 387 Ill. 358.) It follows, therefore, that defendant's term of imprisonment has not yet expired.

Defendant, lastly, maintains the judgment is inoperative and void for the reason that no term of years is set out therein. We have recently held that such a method of imposing sentence is not erroneous; that the term fixed by the Criminal Code for the particular offense is read into every judgment; and that the warden has only to refer to the statute in order to ascertain the term to be served by the prisoner. (*People* v. *Burnett,* 407 Ill. 269.) The contention, therefore, is without merit.

As no reversible error has been shown, the judgment of the circuit court of Carroll County is affirmed.

*Judgment affirmed.*