(No. 32497.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MARTIN PRING (*alias* Harry Smith), Plaintiff in Error.

*Opinion filed January 22, 1953.*

Roland J. De Marco, of Mt. Carmel, for plaintiff in error.

Ivan A. Elliott, Attorney General, of Springfield, (Walter F. Kolb, State's Attorney, of Mt. Carmel, of counsel,) for the People.

Mr. Justice Maxwell delivered the opinion of the court:

Plaintiff in error, Martin Pring, (alias Harry Smith,) comes here by writ of error to the circuit court of Wabash County to review the order of that court dismissing his petition filed under the Post-Conviction Hearing Act. Ill. Rev. Stat. 1951, chap. 38, pars. 826-832.

June 23, 1928, plaintiff in error, then eighteen years of age, appeared before the circuit court of Wabash County and, having been furnished with a copy of the indictment, list of witnesses for the People and list of jurors, waived a formal arraignment, and entered his plea of guilty of the crime of burglary. He was admonished as to the nature, effects, and consequences of his plea, but the court did not appoint counsel nor apprise him of his right to counsel. He was sentenced on his plea to an indefinite term of years in the Illinois State Reformatory at Pontiac.

July 24, 1951, plaintiff in error filed his petition in the circuit court of Wabash County, requesting a hearing under the Post-Conviction Hearing Act, and on the same day the trial court appointed counsel for petitioner. The State's Attorney filed a motion to dismiss the petition and on No-

vember 20, 1951, after hearing arguments of counsel, the court sustained the motion and dismissed the petition.

Plaintiff in error's petition, apparently prepared *pro se,* alleged deprivations of constitutional rights in two respects: (1) that he was denied the right to be represented by counsel as guaranteed him by the Federal and Illinois constitutions and (2) that he is now illegally detained in the penitentiary under a sentence which has, by some act, omission or event occurring since his commitment, become void.

A recitation of the facts upon which the second contention is based need not be set forth here since that contention cannot be considered. These facts are fully set forth in *People ex rel. Pring* v. *Robinson,* 409 Ill. 105, where the precise issue presented by petitioner's second contention was before this court in an original *habeas corpus* proceeding. That issue was decided adversely to defendant and that decision was *res judicata* on the issue before the trial court and now before this court. Petitioner's counsel has properly abandoned that issue in his briefs and arguments now before us.

The sole question, then, is whether the trial court erred in dismissing the petition, on motion, on the petitioner's allegation that he was deprived of his constitutional right to be represented by counsel. The motion to dismiss the petition is not a part of the record before us, but in any event, for the purposes of the motion, it is an admission of the facts alleged, so that the question before the trial court, and now before us, is the legal sufficiency of the facts as alleged in the petition.

The petition alleges that petitioner, on June 23, 1928, he then being eighteen years of age, appeared before the circuit court of Wabash County, charged with the offense of burglary and larceny; that he entered a plea of guilty to the charge of burglary without being represented by counsel and was sentenced to the penitentiary for an indeterminate sentence; that as a consequence he was denied

his constitutional right to representation by counsel. The court's minutes recite that "defendant * * * having been furnished with a copy of the indictment, list of witnesses for the people herein, and a list of jurors, now defendant hereby waives formal arraignment and for a plea says that he is guilty of the crime of burglary as charged in the indictment, the court admonishes the defendant of the nature, effects and consequence of a plea of guilty of the crime of burglary as charged in the indictment, and the court further finds the age of the defendant to be 18 years. And now the court excepts [sic] the plea of guilty to the crime of burglary as charged in the indictment."

Petitioner's contention that he was not apprised by the court of his right to counsel is not controverted, so the question before the trial court and now before us is, whether the court's acceptance of a plea of guilty from an eighteen-year-old youth, and sentence to the penitentiary on that plea, without apprising the defendant of his constitutional right to be represented by counsel, constitutes a deprivation of a substantial constitutional right.

Since the Post-Conviction Hearing Act applies to both State and Federal constitutional rights, we must take into consideration the guaranties of representation by counsel contained in both our State and the Federal constitutions. The Illinois constitution of 1870 (sec. 9, art. II) provides: "In all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel, * * *." In 1874, in pursuance of this constitutional provision, the legislature adopted section 2 of division XIII of the Criminal Code (Ill. Rev. Stat. 1951, chap. 38, par. 730,) which reads: "Every person charged with crime shall be allowed counsel, and when he shall state upon oath that he is unable to procure counsel, the court shall assign him competent counsel, who shall conduct his defense."

The sixth amendment of the Federal constitution, which provides that every accused person in criminal prosecutions

shall have the right to assistance of counsel for his defense, being one of the first ten amendments imposed as a limitation on Federal legislative and judicial power, has no effect on States and State courts, but the fourteenth amendment, guaranteeing due process, does apply to States and State courts. If, therefore, representation by counsel, under the circumstances of a given case, would be essential to a fair trial it could be a lack of due process and violate both the State and Federal constitutions.

We have held many times that the right to representation by counsel in noncapital cases, under the provisions of our constitution, is a personal right and that it is waived if not requested. (*People* v. *Reese,* 410 Ill. 11; *People* v. *Burnett,* 407 Ill. 269; *People* v. *Corrie,* 387 Ill. 587.) This seems to be in accord with the rule generally applied by the State courts and most Federal courts. (149 A.L.R. 1403.) It seems that the right to representation by counsel in a criminal proceeding has developed and grown into a fundamental right in comparatively recent years. There was no such right in the common law and it was not until the year 1836 that this right was granted in England in respect of felonies generally. However, practically all the American colonies had provisions in their constitutions granting the right to representation by counsel. (*Powell* v. *State of Alabama,* 287 U.S. 45, 53 S. Ct. 55.) It is significant, however, that then, as now, these constitutional provisions of the various States are, generally, prohibitions against the denial of the right of representation by counsel of one's own choice rather than guaranties of an absolute right of representation by counsel. This has led to the doctrine, generally recognized and applied by all State and Federal courts, that the right to counsel in a criminal proceeding is waived if not demanded or requested. Recently, however, some courts have taken the attitude that there can be no waiver unless it is knowingly and intelligently done and, therefore, if an accused person is ignorant

of his right to be represented he cannot waive that right which he does not know he possesses. This theory reached its culmination in *Johnson* v. *Zerbst,* (1937) 304 U.S. 458, 146 A.L.R. 357,) applying the sixth amendment to the Federal constitution, where it was held that waiver would never be presumed. It has been held, however, by the United States Supreme Court (*Betts* v. *Brady,* (1941) 316 U.S. 455, 62 S. Ct. 1252,) that the rule of the sixth amendment is not so fundamental and essential to a fair trial as to amount to due process making it obligatory upon State courts under the fourteenth amendment. The Supreme Court there concluded that the right to representation by counsel in every case was, by the considered judgment of the people, not essential to a fair trial but it was rather a matter of legislative policy. The court also stated, in *Johnson* v. *Zerbst,* that the judgment of a court of competent jurisdiction should not be lightly set aside by collateral attack and that the presumption of the legality of such a judgment cast a burden upon defendant to show that he did not competently and intelligently waive his constitutional right to assistance of counsel.

We have been unable to find that any court has ever gone so far as to say that representation by counsel in every instance is essential to a fair trial or that the trial court's failure to appoint counsel without request or to apprise a defendant of his right to counsel deprives him of due process of law. The constitutional guarantees are for the purpose of protecting one accused of a crime from arbitrary, unjust or unfair deprivation of human rights we regard essential to maintain freedom. Their purpose is a prohibition against the court from such arbitrary action and not an affirmative requirement that every person accused of crime must be represented by counsel or that he be apprised of his right to counsel.

It is necessary, therefore, giving the constitutional guaranty of representation by counsel the most liberal interpre-

tation, that in order to show a deprivation of the right a petition under the Post-Conviction Hearing Act must allege and establish that his failure to be represented by counsel on entering a plea of guilty was in some manner unjust or unfair. The bald allegation that the petitioner here was a youth eighteen years of age is insufficient. In *U.S. ex rel Nortner* v. *Hiatt,* 33 F. Supp. 545, an eighteen-year-old youth had pleaded guilty to seven criminal charges and had been confined in the penitentiary. He filed *habeas corpus* proceedings alleging he had been deprived of his constitutional rights under the sixth amendment because he was not represented by counsel, did not know of his constitutional right and therefore did not competently and intelligently waive that right. The court there stated that the burden was on the petitioner to convince the court, by a preponderance of the evidence, that he did not competently and intelligently waive his right, but he met this burden by showing a record irregular on its face and by his uncontradicted testimony in open court that he was ignorant of his right to counsel.

The petitioner in the case at bar does not state in his petition, apparently prepared *pro se,* in what manner the court's failure to appoint counsel or apprise him of his right to counsel has prejudiced him. He does not allege that he did not know of his right to counsel, that he did not fully understand the proceedings, that he was ignorant, illiterate or incompetent. His contention that he was deprived of a substantial constitutional right is based on the bald allegation that no counsel was appointed for him and he was not apprised of his right to counsel. Such an allegation does not state a deprivation of a substantial constitutional right. As the court stated in *Johnson* v. *Zerbst,* the judgment of a court of competent jurisdiction should not be lightly set aside but must be presumed legal. We must also assume that the trial judge accepting the plea of guilty, whose duty it is to protect the defendant from being de-

prived of any of his legal rights, knows and performs this duty.

We have examined all the authorities cited by defendant's counsel and many others involving pleas of guilty without representation by counsel. In no instance has either a State or Federal court found that a defendant has been deprived of a constitutional right unless the elements of a misapprehension of the facts or consequences, apparent ignorance, illiteracy, fraud, misrepresentation or intimidation were present or induced the plea. None of these elements was alleged in the petition here, that petition failed to allege a deprivation of a substantial constitutional right, and the trial court was correct in dismissing the petition on motion.

The judgment of the circuit court of Wabash County is affirmed.

*Judgment affirmed.*