STATE *v.* HACKNEY.

---

### STATE v. JAMES W. HACKNEY.

(Filed 5 May, 1954.)

**1. Constitutional Law § 34d—Circumstances held not such as to require court to appoint counsel for defendant in noncapital case.**

Where petitioner, in a proceeding under the Post Conviction Hearing Act, neither alleges nor offers evidence that he was ignorant, of limited education, incompetent, or inexperienced in criminal trials, but his own testimony discloses that at the time of the trial he was a mature man and had entered a plea of guilty to a felony some years prior thereto, without evidence that he had been unable to employ counsel on his own behalf, *is held* insufficient to show any special circumstances requiring the court to appoint counsel to represent him, even upon his request, and the failure of the court to appoint counsel for him *did not violate his constitutional rights*

under Article I, Secs. 11 and 17 of the State Constitution or the Fourteenth Amendment to the Federal Constitution.

**2. Constitutional Law § 34c—**

The constitutional right of a person accused of crime to confront his accusers embraces the right of accused to have witnesses in court and to examine them in his behalf, and a fair opportunity to prepare and present his defense, and this constitutional right of confrontation must be afforded accused not only in form but also in substance.

**3. Same: Criminal Law §§ 41, 81a—**

When a request for a continuance in a criminal prosecution is based on the right of the accused guaranteed by the Fourteenth Amendment to the Federal Constitution and Article I, Secs. 11 and 17 of the State Constitution, the question is one of law and not of discretion, and the decision of the lower court is reviewable.

**4. Criminal Law § 44—**

Trial upon an indictment charging an offense less than a capital felony may be had at the term the bill of indictment is returned.

**5. Same: Criminal Law § 89—Held: Defendant failed to show deprivation of constitutional right necessary to relief under Post Conviction Hearing Act.**

Where, in a hearing under the Post Conviction Hearing Act, G.S. 15-217, *et seq.*, petitioner asserts that he was denied his constitutional rights in the trial resulting in his conviction because he was put on trial without preliminary hearing on the day the indictment was returned after his motion for continuance had been denied, *is held* insufficient basis for relief when petitioner fails to show that he gave the court names of any witnesses, or that if given time he could have produced any witnesses in his behalf, since there is no showing that defendant was denied his constitutional rights of confrontation or that the court manifestly abused its discretion in refusing a continuance.

**6. Indictment and Warrant § 1—**

A preliminary hearing is not an essential prerequisite to the finding of an indictment in this State.

**7. Criminal Law § 89—**

Relief under the Post Conviction Hearing Act must be based upon some deprivation of a substantial constitutional right in the trial resulting in petitioner's conviction.

JOHNSON and BOBBITT, JJ., dissent.

PROCEEDING under the North Carolina Post-Conviction Hearing Act, G.S. 15-217, *et seq.*, heard by *Williams, J.,* at the August Term 1953 of CHATHAM, and reviewed by the North Carolina Supreme Court upon a duly granted writ of *certiorari.* For good cause shown, the Superior

Court permitted the petitioner to prosecute his proceeding in the Supreme Court without providing for the payment of costs.

In prosecuting this proceeding, both in the Superior Court and in the Supreme Court, the petitioner, James W. Hackney, was represented by able and experienced counsel, resident in Chatham County, duly appointed by the Superior Court of Chatham County.

The petitioner, James W. Hackney, was indicted by a grand jury at the January Term 1950 of the Superior Court of Chatham County. The bill of indictment charged the petitioner on 5 December 1949 with robbery with firearms, to-wit, a pistol, of Ed Neal, whereby the life of Ed Neal was endangered or threatened. The indictment charged a violation of G. S. N. C. 14-87. At the same term he pleaded Not Guilty; was put on trial and convicted by a petit jury on this charge. In consequence the presiding judge sentenced him to serve 20 years in the State Prison; the sentence to begin at the expiration of sentence imposed in Union County at the October Term 1944, which sentence James W. Hackney, the petitioner, was serving at the time of his escape.

The petitioner did not appeal. He is now in the State Prison serving the sentence imposed at the October Term 1944 of the Superior Court of Union County, which sentence does not expire until 15 December 1959.

On 5 March 1953 the petitioner commenced this proceeding in the Superior Court of Chatham County against the State of North Carolina. The petitioner alleges that his constitutional rights were violated in the original criminal action in Chatham County, in this particular; that no warrant, capias or court order was served upon, or read to him; that no previous hearing in a court inferior to the Superior Court had been had; that he was placed in the county jail, and put on trial, the week the indictment was found; that his request for the appointment of counsel by the court to represent him was denied; that his request for witnesses was denied; that his entire trial, conviction and sentence, lasted less than twenty minutes.

The solicitor filed answer denying that petitioner made any request for the appointment of counsel to represent him; denying that he requested any witnesses to be subpoenaed for him; and alleging that the petitioner was brought from the State Prison by order of the Presiding Judge at the January Term 1950 of Chatham County Superior Court; placed on trial at said term, and while he does not recall the time consumed in the trial, "such time as was necessary to hear the State's evidence and to permit deliberation by the jury, the return of the verdict, the imposition of sentence upon the defendant, was consumed and no more."

At the August Term 1953 of the Superior Court of Chatham County the Presiding Judge heard the evidence offered by the petitioner—the

State offered none—made findings of fact, conclusions of law, and entered judgment. G. S. N. C. 15-221.

The essential facts appearing in the Record are stated below.

*One.* At the October Term 1944 of the Superior Court of Union County the petitioner herein entered a plea of guilty of robbery with firearms, and was sentenced to serve a term in the State Prison. In November 1949, while serving this sentence, he escaped. On 12 December 1949 he was captured, and returned to the State Prison. On the night of 4 December 1949, and the early morning of 5 December 1949, petitioner testified he was in Chatham County visiting his children.

*Two.* The minutes of the Chatham County Superior Court show the January Term 1950 of that court convened on Monday 16 January, and on the same day the Grand Jury returned the bill of indictment charging the petitioner with the robbery of Ed Neal. On the afternoon of that day the petitioner pleaded Not Guilty and was placed on trial before the judge and a petit jury. The following day the jury returned a verdict of Guilty, and sentence was imposed.

*Three.* The petitioner testified that about 2:30 p.m. on 16 January 1950 he was carried directly from a State Prison Camp in an adjoining county to the courthouse of Chatham County. He was carried into the courtroom, where court was in session. Shortly after arrival the solicitor for the State told him he was indicted for robbery with firearms, and asked him if he was Guilty or Not Guilty. Petitioner told the Presiding Judge he did not know until then that he had been charged or indicted for the crime of robbery of Ed Neal; that he was Not Guilty; and that he wanted time to get some witnesses, and prepare for trial. The judge asked him what witnesses he wanted. The petitioner did not give him the names of any witnesses; he didn't have time to think because just then was the first notice he had that he was charged with the robbery of Ed Neal. When the petitioner testified in this proceeding at the August Term 1953, he gave no names of any witnesses he wanted. The petitioner then requested the judge to appoint counsel to represent him at the January Term 1950, but his request was refused, and he was placed upon immediate trial. The petitioner gave no testimony as to the length of the trial, except that he said the trial began Monday afternoon, and was finished Tuesday morning.

*Four.* The State offered testimony which, if believed beyond a reasonable doubt by the jury, was amply sufficient to convict. The petitioner testified in his own behalf, denying *in toto* the charge in the indictment against him.

*Five.* The only evidence offered by petitioner in this proceeding at the August Term 1953 was his own testimony, the minutes of the court, and the commitment.

After hearing the evidence Judge Williams found as a fact that the petitioner at the January Term 1950 of the Superior Court of Chatham County was duly tried upon a valid bill of indictment, found Guilty and sentenced to prison, where he is now; that he had a fair trial and that no substantial constitutional rights of the petitioner have been denied as guaranteed by State and U. S. Constitutions; that the allegations of his petition are not supported by the evidence, and entered judgment declaring the petitioner is entitled to no relief in this proceeding.

Petitioner excepted and assigned error to the judge's findings of fact that he had a fair trial; that no substantial constitutional rights of his have been denied; that the *allegata* of his petition were not supported by *probata;* and excepted to the judgment.

The petition for *certiorari* was granted, and the case brought to the Supreme Court for review. G. S. N. C. 15-222.

*Harry McMullan, Attorney General, and Ralph Moody, Assistant Attorney-General, for the State.*

*Ike F. Andrews, W. Reid Thompson and Wade Barber for Defendant, Petitioner Appellant.*

PARKER, J. While Judge Williams did not specifically find that the petitioner, James W. Hackney, requested the judge at the January Term 1950 of the Superior Court of Chatham County to appoint counsel to represent him at the trial, and the judge failed to do so, the evidence is uncontradicted to that effect, and we assume such to be the fact. Petitioner's contention that this deprived him of a substantial constitutional right given to him by Art. I, secs. 11 and 17 of the North Carolina Constitution and the 14th Amendment to the U. S. Constitution rests solely upon his bald assertion that he requested the judge to appoint counsel to represent him at the trial, and the court did not do so. The charge was not a capital offense. The petitioner has neither allegation nor evidence that he was illiterate, ignorant, incompetent, of limited education, or inexperienced in criminal trials. His own testimony shows that he entered a plea of guilty to an indictment charging him with robbery with firearms at the October Term 1944 of the Superior Court of Union County, and was sentenced to prison. Certainly in 1950 he, the father of two children, was neither a tender youth, nor a stranger at the bar in a criminal court charged with a serious felony. The petitioner has failed to show any special circumstances requiring the court to appoint a lawyer to represent him to secure him an adequate and fair defense, and that the failure to appoint counsel for him violated his constitutional rights under the State or Federal Constitutions. *S. v. Cruse,* 238 N.C. 53, 76 S.E. 2d 320; *S. v. Wagstaff,* 235 N.C. 69, 68 S.E. 2d 858; *S. v. Hedgebeth,* 228

N.C. 259, 45 S.E. 2d 563; *Palmer v. Ashe,* 342 U.S. 134, 96 L. Ed. 154 (See Anno. p. 161); *Uveges v. Pennsylvania,* 335 U.S. 437, 93 L. Ed. 127 (See Anno. p. 137); *Betts v. Brady,* 316 U.S. 455, 86 L. Ed. 1595; *People v. Pring,* 414 Ill. 63, 110 N.E. 2d 214; Anno. 149 A.L.R. 1403; 23 C.J.S., Crim. Law, sec. 982.

The petitioner has a constitutional right of confrontation, of which he cannot lawfully be deprived, and this includes the right of a fair opportunity "to confront the accusers and witnesses with other testimony." N. C. Cons., Art. I, sec. 11; *S. v. Garner,* 203 N.C. 361, 166 S.E. 180.

The word *confront* secures to the accused the right to have his witnesses in court, and to examine them in his behalf. *S. v. Thomas,* 64 N.C. 74. It further secures to the accused a fair opportunity to prepare and present his defense, which right must be afforded him not only in form but in substance. *S. v. Whitfield,* 206 N.C. 696, 175 S.E. 93; *S. v. Utley,* 223 N.C. 39, 25 S.E. 2d 195.

When a request for a continuance in a criminal case for a later day in the term, or for the term, is based on a right guaranteed by the 14th Amendment to the U. S. Constitution or by Art. I, secs. 11 and 17 of the North Carolina Constitution, "the question presented is one of law and not of discretion and the decision of the court below is reviewable." *S. v. Farrell,* 223 N.C. 321, 26 S.E. 2d 322.

It is established law in this jurisdiction that "a motion for a continuance is addressed to the sound discretion of the trial court, and its ruling thereon is not subject to review on appeal, except in case of manifest abuse." *S. v. Whitfield, supra* (where many cases are cited); *S. v. Gibson,* 229 N.C. 497, 50 S.E. 2d 520.

"There is no rule of law or practice that when a bill of indictment is found at one term the trial cannot be had till the next." *S. v. Sultan,* 142 N.C. 569, 54 S.E. 841. As to capital cases this rule was changed in 1949. G. S. N. C. 15-4.1.

In *S. v. Riley,* 188 N.C. 72, 123 S.E. 303, the defendants excepted to being placed on trial the same term the bill of indictment was found, and so soon after the alleged theft they were denied the right to obtain necessary evidence. This Court held this was "a matter within the discretion of the trial judge, and not the basis of a valid exception, unless there has been manifest abuse, and on the facts presented, we are of opinion that no such abuse has been made to appear."

In *S. v. Gibson, supra,* the defendant was found guilty of the capital crime of rape. The trial was set for the afternoon of the day following the appointment of counsel for him by the court. Counsel for the defendant moved for a continuance to have time to prepare the defense. Counsel gave no specific reason for his assertion that he had inadequate time to prepare the defense. The witnesses were few and resided in the neighbor-

hood; no complicated questions of law or fact were involved. In finding No Error in the trial below this Court said: "The record fails to show that the requested continuance would have enabled the prisoner and his counsel to obtain additional evidence or otherwise present a stronger defense." See also *Avery v. Alabama,* 308 U.S. 444, 84 L. Ed. 377.

*U. S. v. Nierstheimer,* 166 F. 2d 87 (Petition for *Certiorari* denied 334 U.S. 850, 92 L. Ed. 1773), was a *habeas corpus* proceeding by the United States, on the relation of Coy Thompson against Walter Nierstheimer, Warden, Illinois State Penitentiary. Petitioner contended on 6 July 1931 in the Criminal Court of Cook County, Illinois, he was indicted, arraigned, tried, and convicted in a capital case all in one day, and that counsel appointed by the court defended him. He was sentenced to serve one hundred years in prison. The record supported by the testimony of the judge and others, though denied by the defendant, showed petitioner consented to trial by court, and that he had been consulted on two different days with counsel who represented him. Petitioner contended such expeditiousness denied him due process in that his counsel made no independent investigation, subpoenaed no witnesses, and asked for no continuance, as requested by him. Petitioner's counsel testified petitioner never gave him the names of any witnesses to be subpoenaed. The court held that no standard length of time must elapse before defendant in a capital case should go to trial, and the facts of each case provide its own yardstick, but there must not be an idle ceremony of going through the motions of a trial, and a court should not move so rapidly as to ignore or violate the rights of the defendant to a fair trial. *Minton, C. J.* (now a Justice of the U. S. Supreme Court) speaking for the Court said: "Courts do not deny due process just because they act expeditiously. The law's delay is the lament of society. . . . If no witnesses are suggested or information furnished that would possibly lead to some material evidence or witnesses, the mere failure to delay in order to investigate would not be, in and of itself, a denial of due process." The judgment of the District Court denying the petition was affirmed.

A request for a continuance should be based on sufficient grounds furthering justice. Such a request is properly denied where no substantial rights are prejudiced by proceeding promptly with the trial. 22 C.J.S., Crim. Law, sec. 483.

The petitioner, James W. Hackney, contends his constitutional rights were violated in that he told the court he would like to have some time to get some witnesses and prepare for trial, and that the court refused a continuance. The trial court asked him what witnesses he wanted. He gave the court no names of witnesses he wanted. He said in this proceeding in August 1953 he gave the judge no names; he didn't have time to think because he had just heard he was charged with robbery. However,

in the hearing of this proceeding in August 1953, three and one-half years after January 1950, with abundance of time to ponder and reflect on his case, he still gives no names of any witnesses he wants.

Petitioner has not even suggested that in the lonely hours of prison nights he can sometime recall the names of some "phantom witnesses" somewhere he wants an opportunity to investigate and subpoena in his behalf.

Petitioner relies upon *Commonwealth v. O'Keefe,* 298 Pa. 169, 148 Atl. 73. A careful reading of that case would indicate the defendant was denied an opportunity to have in court at his trial real witnesses.

In the trial in January 1950 no complicated question of law was involved. The facts were simple. The petitioner has totally failed to show that if a new trial is awarded him, he can obtain additional evidence, or can have a better defense. The petitioner has neither *allegata* nor *probata* that he was in any way denied full opportunity to employ counsel at the January Term 1950 of Chatham County Superior Court. We cannot hold as a matter of law that the court in January 1950 in placing the defendant on trial denied him his constitutional rights of confrontation, of due process, or that the court manifestly abused its discretion in refusing a continuance. *S. v. Whitfield, supra; S. v. Gibson, supra.*

Unless there is a statute requiring it, it is the general, if not the universal, rule in the United States that a preliminary hearing is not an essential prerequisite to the finding of an indictment. Such hearing is unknown to the common law. 27 Am. Jur., Indictments and Informations, p. 596; 22 C.J.S., Crim. Law, p. 484; *U. S. ex rel. Hughes v. Gault,* 271 U.S. 142, 70 L. Ed. 875. We have no statute requiring a preliminary hearing, nor does the State Constitution require it. It was proper to try the petitioner upon a bill of indictment without a preliminary hearing. The petitioner alleges in his petition that the January Term 1950 of Chatham Superior Court was "a court of proper jurisdiction."

*Stacy, C. J.,* speaking for the Court said in *S. v. Beal,* 199 N.C. 278, p. 303, 154 S.E. 604: "The foundation for the application of a new trial is the allegation of injustice arising from error, but for which a different result would likely have ensued, and the motion is for relief upon this ground. Unless, therefore, some wrong has been suffered, there is nothing to relieve against. The injury must be positive and tangible, and not merely theoretical." See also *S. v. Gibson, supra.*

*People v. Hall,* 413 Ill. 615, 110 N.E. 2d 249, was a Post-Conviction Hearing. The Court said: "The petitioner has the burden of showing that he was deprived of a substantial constitutional right in the trial resulting in his conviction."

After a careful examination of all the facts brought out in the hearing on James W. Hackney's petition under the statute, we reach the conclu-

sion no constitutional rights of James W. Hackney under the State Constitution or U. S. Constitution were violated at the trial in January 1950.

The judgment of Judge Williams denying relief is

Affirmed.

JOHNSON and BOBBITT, JJ., dissent.