(No. 33534.—■■■■)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RICHARD FITZGIBBONS, Plaintiff in Error.

*Opinion filed January 19, 1956.*

RICHARD FITZGIBBONS, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (FRED G. LEACH, EDWIN A. STRUGALA, IRWIN D. BLOCH, JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and WILLIAM L. CARLIN, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

January 31, 1935, the defendant, Richard Fitzgibbons, was convicted of burglary in the criminal court of Cook County. The judgment sentenced him to imprisonment in

the penitentiary "until discharged according to law, provided such term of imprisonment in said Penitentiary shall not exceed the maximum term for the crime for which the said Defendant was convicted and sentenced." To review that judgment he prosecutes this writ of error, appearing *pro se.*

The only error asserted is that the sentence was improper because it did not comply with section 2 of the Sentence and Parole Act. Defendant argues that although the statute required an indeterminate sentence, the sentence imposed did not provide minimum or maximum limits but was a definite sentence of imprisonment for life.

The statute which was in effect when the defendant was convicted did not require that minimum and maximum limits of imprisonment be fixed. At that time the punishment for burglary was imprisonment in the penitentiary "for any term of years not less than one year or for life." (Ill. Rev. Stat. (Cahill) 1933, chap. 38, par. 65.) Section 2 of the Sentence and Parole Act then provided that with the exception of certain enumerated crimes, every sentence to the penitentiary should be a general sentence of imprisonment, "and the courts of this State imposing such sentence or commitment shall not fix the limit or duration of such imprisonment. The term of such imprisonment or commitment shall be for not less than the minimum nor greater than the maximum term provided by law for the offense of which the person stands convicted or committed. It shall be deemed and taken as a part of every such sentence, as fully as though written therein, that the term of such imprisonment or commitment may be terminated earlier than the maximum by the Department of Public Welfare, by and with the approval of the Governor * * *." Ill. Rev. Stat. (Cahill) 1933, chap. 38, par. 796.

*People* v. *Dwyer,* 324 Ill. 363, involved an almost identical judgment. There the defendant was convicted of armed robbery and sentenced to confinement in the penitentiary

for a term of imprisonment which should not exceed the maximum term for the crime for which he was convicted. Like the judgment in the present case, the judgment there did not specify the maximum term. To the contention that the sentence imposed upon the warden of the penitentiary or the members of the Division of Pardons and Paroles the duty of determining the term for which the defendant was sentenced, and therefore constituted an attempt to delegate judicial power to ministerial officers, this court answered (p. 366): "This sentence was in accordance with the requirements of the Parole act and left nothing to be determined as to the term for which the plaintiff in error was sentenced, the term for the crime for which he was convicted being fixed by the statute at any term of years not less than ten years or for life, but subject, under the provisions of section 2 of the Parole act, to be terminated earlier than the maximum by the Department of Public Welfare, with the approval of the Governor."

In *People* v. *Dee,* 392 Ill. 474, the defendant was convicted of burglary and larceny. The judgment sentenced him to confinement in the penitentiary "until discharged by the prison Board as authorized and directed by law, provided such term of imprisonment shall not exceed the maximum term, provided by law for the crime for which said defendant was convicted and sentenced." The defendant contended that the judgment was erroneous in that it sentenced him for the maximum term. This court said: "We have many times held that the term of the sentence is the term fixed by law and that penalty will be read into the sentence of the court. In this case the judgment and the sentence of the lower court must be construed as an indeterminate sentence in accordance with the statute providing for a sentence to the penitentiary for a term of years not less than one or for life, (Ill. Rev. Stat. (S-H) 1927, chap. 38, par. 84,) and we therefore hold that that part of the sentence that such term of imprisonment should not ex-

ceed the maximum term amounts to no more than surplusage and is not a sentence for the maximum term."

Other decisions to the same effect are *People* v. *Burnett,* 407 Ill. 269; *People* v. *Pond,* 390 Ill. 237; *People* v. *Childers,* 386 Ill. 312, and *People ex rel. Ewald* v. *Montgomery,* 377 Ill. 241.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*